JAMES ROGAN, Appellant,

*vs.*

GEORGE W. PERRY, Respondent.

APPEAL FROM THE JEFFERSON CIRCUIT COURT.

Prior possession is a sufficient title to maintain trespass *de bonis asportatis*, as against a mere wrong doer.

The cutting and cording up fire wood upon the ground where it is cut, is a sufficient evidence of possession to sustain an action of trespass *de bonis*.

This was an action of trespass on the case brought by the appellant against the respondent, before a justice of the peace. The plaintiff in the action filed his declaration, alleging therein that the defendant wrongfully took and carried away from the possession of the plaintiff a quantity of cordwood, to-wit; ten cords of the value of fifteen dollars, the property of the plaintiff, and in his possession, &c. The defendant filed a plea of not guilty, and attached a notice that he would show on the trial that the wood mentioned in the declaration was cut from trees standing on the N. E. ¼ of Sec. 32, T. 9, N. of R. 15, E. in the city of Watertown, and that said premises were at the time of taking the wood, the soil and freehold and property of Elijah K. White, and that the defendant was in possession of the quarter section by the authority, and as the agent of White, &c.

And because it appeared that the title to land was involved, upon filing the proper bond by the defendant, the cause was certified by the justice to the circuit court of Jefferson county, wherein it came on to be tried before a jury at the March term, 1857, when the following testimony was introduced by the plaintiff, to-wit:

James Nellous, being duly sworn, says :—I know the parties to this suit; have been employed by the plaintiff; cut some wood by order of the plaintiff about two years ago in the city

of Watertown, in this county; the wood was cut and corded up, and I saw the defendant come with his team and haul it off; this was two years ago the 20th of last January; a good many piles of it were partly taken, about ten cords in all; the best of the wood was taken from the piles and the poor thrown one side; plaintiff and I had hauled part of the wood away; we hauled one day, next day it snowed so we couldn't work; I commenced to chop there in December; defendant came along one morning while I was chopping and said, "You are getting some good wood there." I told him I was working for James Rogan; defendant never set up any claim to the wood; he lived close by, where he could see me chop; defendant was getting a load from a pile of my wood, some that I was to have for cutting. I said, "Mr. Perry, that is my wood." He then said he was a white man yet and would not wrong a working-man, and finished loading out of plaintiff's wood; wood was worth one dollar a cord on the ground. The wood in question was cut from standing trees; the land was open and no fence; this timber lot extended down to the line of Perry's land. It was north of Perry's on the road leading from Watertown to Oak Grove, on the right hand side of the road as you go north.

Myron B. Williams, a witness produced and sworn on the part of the plaintiff, testified as follows, to-wit:—I had a conversation with defendant two years ago last fall or winter, about the land where this wood was cut; the conversation was in the post office, defendant came in, he first asked me who had charge of the land, I told him James Rogan had; think he asked me if I set up any claim to it; he said he had done work for Martin O. Walker, fencing it, and wanted his pay and intended to get it. He said if Mr. Rogan was a mind to pay him, it was all right, if not "I can be as mean as he can."

Here the plaintiff rested his case, and the defendant moved a non-suit upon the ground that the plaintiff had not shown the wood to be his property, or that the same was in his possession at the time the defendant took it away: which motion was granted by the court, and the plaintiff excepted.

*Butler and Gill*, for the appellant.

1st. This being an action of trespass *de bonis asportatis*, it was only necessary for the plaintiff to show possession of the wood in question prior to the taking, in order to sustain his action against a stranger. *Hoyt* vs. *Geltson, et al.*, 13 John., 141; 11 Wend., 57; 17 Id., 91; 7 Cow., 752.

2d. Possession either rightfully or wrongfully obtained, is a sufficient title as against a mere wrong doer. *Knapp* vs. *Winchester*, 11 Vt., 351; *Coffin* vs. *Anderson*, 4 Blackf., 395; *Burroughs* vs. *Stoddard*, 3 Conn., 100.

*By the Court*, WHITON C., J. This case differs from that of Verbeck vs. Verbeck, decided at the present term, (*ante* 159), in this : that the notice which was filed with the plea of the general issue in the justice's court, by the defendant, was sufficient to show that the title to land might be drawn in question at the trial. The justice therefore was correct in certifying the case to the circuit court in accordance with the statute.

But we are satisfied that the judgment of non-suit which was rendered in the circuit court cannot be sustained. The plaintiff's testimony shewed that the wood which was the subject of controversy, was cut and corded by the plaintiff's workman, and that the defendant took and carried it away. The testimony further shewed that the land upon which the trees were growing, from which the wood was made, was open and unenclosed.

This was all that the plaintiff was obliged to show to entitle himself, *prima facie*, to maintain this action. He had the possession of the property, and this was sufficient to enable him to maintain the action against a mere wrong doer; and according to the testimony, the defendant must be regarded as a wrong doer merely. (*Coffin* vs. *Anderson*, 4 Blackf. R., 395; *Armorey* vs. *Delamire*, 1 Smith's Lead. Cas., 151, and the cases there referred to.)

We have not been furnished with a brief on the part of the

Rogan vs. Perry.

respondent, and do not know upon what he relies to sustain the judgment which he obtained in the circuit court. The bill of exceptions shows that the motion for a nonsuit which he made, was founded upon the alleged failure of the plaintiff to show "the wood to be his property, or that the same was in his possession at the time the defendant took it away."

We have stated that the testimony showed the possession of the property to be in the plaintiff. Of this it appears to us there can be no doubt. He cut and corded the wood. This was taking possession in the ordinary mode, and we cannot hold that he was required to do more in order to reduce property of this description to possession.

Judgment reversed with costs, and new trial ordered.