## Boos vs. Gomber.

*Married woman—Separate property in land.*

The mere fact that the husband resides with his wife on land which is her separate property, and cultivates it, does not transfer to him the possession; but she may maintain an action in her own name against a third party for a trespass to the close.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff appealed from a judgment of nonsuit. The case is stated in the opinion.

*Peter Yates* and *Leander Wyman*, for appellant, cited subd. 1, § 15, chap. 122, R. S.; *Norval v. Rice*, 2 Wis. 22, 31–33; 18 id. 275; 29 Barb. 512; 31 id. 121, 138; 33 id. 596; 34 N. Y. 293; 36 id. 639.

*Rogers & Johnson, contra,* as the rule at common law, cited 1 Washb. R. P. 277; 2 Kent, *131; 1 Pa. St. 176; 1 Greenl. 6; 9 Vt. 326; Williams' R. P. 184. 2. If the wife does not claim the benefit of the statute, but permits her husband to occupy and cultivate the land, as he could have done at common law, the practical relations of the parties are the same as at the common law. For all the purposes of the question who should sue for an injury to the possession, it can make no difference whether the husband holds the land by virtue of his common law rights, or by the consent of his wife. Under statutes like ours, when the husband occupies his wife's land without any special contract or arrangement, she will be deemed to have made a gift to him of the use of the land. *Gage v. Dauchy*, 28 Barb. 622; *Van Sickle v. Van Sickle*, 8 How. Pr. R. 265. 3. Notwithstanding the married woman's act, the husband's tenancy by curtesy still exists here. A man and his wife, then, may be "seized of land in her right." Where parties are so seized, the husband and wife should join in an action for injuries to the inheritance; and the husband, being in possession, and having the use and occupation of the land, with his wife's consent, should sue alone for injuries done to the possession. This view does not at all conflict with the wife's right to oust her husband, if she chooses, from all interest in the title or the possession of the land. *Kingsley v. Smith*, 14 Wis. 360.

DIXON, C. J. This is an action for trespass for breaking and entering the close of the plaintiff, and tearing down her fence,

and leaving her land uninclosed.   The premises in question are the separate property of the plaintiff, a married woman, who, together with her husband, resides upon and cultivates them. These facts appearing at the trial, the county judge nonsuited the plaintiff, on the ground that the possession was that of the husband, and that the wife could not bring suit in her own name for injury to it.   It was expressly agreed by the counsel at the time, that there was no bargain, lease or special contract between the husband and wife in relation to the occupation of the land, except that he was her husband, and that he had no other possession of the premises than that appertaining to the husband living with his wife, upon her separate real estate. Upon these facts the question arises, whether the husband is to be deemed to have been in possession of the land, so that suit must be brought in his name, or whether the wife was in possession. The title of the land was in the wife, and under the statute she was entitled to hold it, and the rents, issues and profits, to her sole and separate use, in the same manner and with like effect as if she were unmarried; and the same was not subject to the disposal of her husband.   The title being thus in the wife, and she entitled to the exclusive possession, and at the same time occupying the premises, the question is, whether any change of possession from her to her husband is to be inferred from the mere fact that she permits her husband to reside with her upon the land, and to aid her in the cultivation of it.   A very simi- lar question arose in the case of *Feller v. Alden*, decided at this term.   We there held, that it was not to be inferred that the husband was tenant, or that he had any legal title to the crops or stock raised upon the wife's land, simply because he worked upon the land and assisted in raising them.   So here, if the stat- ute giving rights to married women is to be held to mean any thing, we think it very clear, that it is not to be inferred that the plaintiff has lost the possession of her land merely because she allowed her husband to reside with her upon it, or to assist

her in cultivating it. To work a change of her possession, something more must be shown — such as a lease or contract by which her intention to part with her possession and control of the premises is clearly made to appear.

*By the Court.*—Judgment reversed, and a new trial awarded.