## Miller vs. Aram, Adm'r, etc.

Husband and Wife (1) *Claim of widow against estate of husband.* (2) *Moneys of wife married prior to Act of 1850, her separate property when.* (3) *Possession of, by husband, not conclusive as to his ownership.* (4) *Gift of husband to wife valid as against heirs.*

Presumption. (1) *That evidence sustains verdict, when bill of exceptions does not purport to contain all.*

1. The widow of an intestate presented to the commissioners appointed to examine and adjust claims against the estate, a claim as *for money loaned* by her to her husband. On appeal by heirs from an allowance of such claim, the circuit court having ordered an issue to be made up, she filed a complaint setting up a claim for the same amount as *for moneys had and received* for her use by the intestate and the administrator. Both claims were based upon the same transactions. *Held*, that a recovery of the amount claimed, under one form of action, would bar a recovery under the other form ; and the court did not err in permitting the action to proceed therein as for money had and received.

2. In the case of parties who intermarried before the act of 1850 relative to the "rights of married women" (R. S., ch. 95), if the wife, at the time of her marriage, held a note then past due, and if her husband,

during his lifetime, never asserted any claim to such note, but constantly treated it and its proceeds as the property of the wife, it must be held to have been her separate property.

3. The facts that the husband had in his own hands at times such note and other notes turned over by the maker in payment thereof, and the proceeds of these, and that' he invested such proceeds in his own name, are *not conclusive* evidence that he did not relinquish his right thereto; since he may have held the same, and made the investment, as agent of his wife.

4. If the husband had taken possession of the first mentioned note as his own, he might have made *a gift* of it or of its proceeds to his wife; and such gift would be valid as against heirs, though perhaps not as against creditors.

5. The circuit court having instructed the jury in accordance with these views, and it not appearing that there was an absence of evidence to which such instructions were pertinent, and the verdict having been for the plaintiff, a judgment in her favor is affirmed.

6. Where the bill of exceptions does not purport to contain all the evidence, it must be presumed that there was evidence to sustain the verdict and judgment.

APPEAL from the Circuit Court for *Walworth* County.

In November, 1872, Matthias B. Miller died at Delavan, in the county of Walworth, probably intestate. Proceedings were thereupon instituted in the county court of that county to settle his estate, and *James Aram*, the appellant, was appointed administrator of the estate, and duly qualified as such. Commissioners were also appointed to receive and adjust claims against the estate. *Rachel Miller*, the widow of the deceased, presented a claim to the commissioners for money loaned to her husband, and the same was allowed at $1,693.75. Two of the heirs of the deceased appealed from such allowance to the circuit court. That court ordered an issue to be made up; and thereupon *Mrs. Miller* filed a complaint, which alleges 'in substance that, when she intermarried with the deceased, she held a note against one Fancher for $978, payable to her and then due; that, in 1861, Fancher turned over to her notes against other parties in full payment of his note, which she then surrendered to him; that she delivered the notes, so received from

Fancher, to her husband for collection; that in 1864, the latter, acting as her agent, collected the same for her to the amount of $1,176; that afterwards, and in the same year, her husband loaned for her $1,000 of said money to some person residing in Delavan, taking therefor the note and mortgage of such person payable to himself; that her husband received $100 of the principal, and all of the interest on said loan, to the time of his death; and that since the death of her husband the said administrator of his estate has received the balance of said loan, the whole amount so received being $1,620.     There are like averments concerning the balance of the money, being $176, so received by her husband, which, with the interest thereon alleged to have been received by him, amounted at the time of his death to $276.     The answer of the administrator consists of the general denial alone.     On the trial of the issue, it was admitted that the deceased intermarried with the respondent in March, 1846.

The administrator, by his counsel, objected to the admission of any testimony not applicable to the claim presented to the commissioners and allowed by them, but the court held that *Mrs. Miller* was at liberty to prove that the estate was indebted to her for money had and received.     To this ruling due exception was taken.     No other objection to the admission of testimony is preserved in the bill of exceptions (so far as appears from the printed case), except one to the admission of a deposition taken under a stipulation.     The ground of such objection does not appear.

After the testimony was all in, counsel for the administrator moved the court to dismiss the case and reverse the allowance of the claim by the commissioners, for the reasons (as stated in the bill of exceptions), " that the evidence did not show an indebtedness from the deceased to the claimant; that there was no proof whatever of an agreement between the deceased and his wife that he would release his marital rights to the notes, or the money the notes represented; and that there was no

proof of a promise by deceased to the claimant that he would repay her any amount whatever, and as between the parties, the law did not imply a promise."

The judge instructed the jury, in substance, that the question to be determined by them from the evidence was, whether Miller at the time he died was indebted to his wife; that, by their marriage in 1846, the title to the Fancher note and the money it represented, vested absolutely in the deceased; that his title thereto could only be divested by some understanding or agreement to that effect between him and his wife, the burden of proving the same being upon the latter; that the investing of the proceeds of the Fancher note in the name of the deceased was a circumstance to be considered, but not necessarily a controlling one, on the question whether the deceased released or surrendered his legal right to such note and proceeds; and that it was not essential to a valid release or surrender that a consideration therefor should have been received by him; and further, that unless the release or surrender was upon a consideration, *Mrs. Miller* could only claim the Fancher note and proceeds thereof by gift from her husband; that in such case the gift, to be valid, must have been executed; and that if the deceased in his lifetime exercised control and dominion over the note and proceeds in his own behalf, there was no valid gift, but if he did so merely as the agent of his wife, and for her, pursuant to an understanding between them to that effect, this would not be inconsistent with a valid gift.

The jury returned a verdict for the claimant, for $1,500; a motion for a new trial was denied, and judgment entered pursuant to the verdict. The administrator appealed from this judgment.

*H. G. & W. J. Turner*, for appellants, argued that the claim before the commissioners was for *money had and received;* that tried upon appeal, for *money loaned.* The claims are different in nature, and no testimony should have been received under the complaint. The husband, on marriage prior to the act of 1850,

became entitled to the personal property of the wife. *Connors v. Connors,* 4 Wis., 112; *Ellsworth v. Hinds,* 5 id., 613. Counsel commented on the testimony as showing no waiver of his marital rights, nor gift back to his wife. *Topley v. Topley,* 31 Pa. St., 328. The husband taking the money by virtue of his marital right, the law would not imply a promise to repay. Express promise must be shown. *Fisher v. Fisher,* 5 Wis., 472; *Mountain v. Fisher,* 22 id., 93; *Hall v. Finch,* 29 id., 278.

*A. S. Spooner* and *A. D. Thomas,* for respondent:

The choses in action of the wife at the time of marriage, do not vest absolutely in the husband, but when they are reduced to possession by him, this is, in most cases, evidence of conversion, and they become his own. *Little v. Marsh,* 2 Ired., N. C., 18; *Waller v. Armistead,* 2 Leigh, 11. But this is only *prima facie* evidence, for there may be proof that he took and held the choses as her trustee, in which case he would be accountable therefor. 2 Kent Com., 138; *Estate of Hinds,* 5 Wharton, 138. The reduction by the husband must amount to a conversion, and must be with intent to make them his own. *Schuyler v. Hoyle,* 5 Johns. Ch., 209; 2 Kent Com., 137; *Quick v. Garrison,* 10 Wend., 337; *Northrop v. Barnum,* 15 id., 168. He could not be compelled to assume ownership even in favor of creditors. *Partridge v. Haven,* 10 Paige, 620. His actual possession as trustee would not be such as to make the choses his own. *Mayfield v. Clifton,* 3 Stew., Ala., 375. And see *Hartman v. Dowdel,* 1 Rawle, 279; 1 Bright on Husb. & Wife, 66. The jury might find from the evidence that Miller gave his interest in this chose in action to his wife, or declined to assert his marital right thereto, both or either of which it was competent for him to do. *Reed v. Reed,* 52 N. Y., 651; *Borst v. Fraser,* 4 id., 284; *Curtis v. Fox,* 47 id., 299; *Bent v. Bent,* 44 Vt., 555; *McKee v. Larson,* 60 Me., 165; *Perkins v. Perkins,* 7 Lansing, N. Y., 19. He might neglect to assert his marital rights, and while this would not amount to a gift, yet the chose in action would still be hers, and any subsequent act of his, as her trustee or agent, would

not make it his, but his estate would be liable therefor. *Feller v. Alden*, 23 Wis., 301; *Partridge v. Haven*, 10 Paige, 618. Nor would her giving him part of the interest impair her title. *Kluender v. Lynch*, 4 Keyes, 361; *Buckley v. Wells*, 33 N. Y., 518; *Partridye v. Haven*, 10 Paige, 618. Counsel commented on *Briggs v. Mitchell*, 60 Barb., 288, as distinguished from this case, in which the rights of creditors are not involved; and as in that case no intention of the husband to hold as agent or trustee was manifest.

LYON, J. The claim of *Mrs. Miller*, presented to the commissioners and allowed by them, is for money loaned by her to her husband. The claim stated in the complaint is for money had and received by her husband in his lifetime, and by the administrator of his estate after his decease, for her use. The *gravamen* of the claim presented to the commissioners, and of the cause of action in the complaint, is for money due and owing to her and payable out of the estate of her deceased husband. These are but different forms of the same claim, for they arise out of the same transactions; and manifestly a recovery in one form would bar a recovery in the other. Although the grounds of *Mrs. Miller's* claim may not have been stated to the commissioners with technical accuracy, yet no one could be misled or injured thereby, and we think the circuit court ruled correctly that she might proceed in that court for money had and received. Had the administrator proved that the claim presented to the commissioners arose out of other transactions, and was a claim different from the one litigated in the circuit court, quite another question would be presented.

The motion to dismiss the claim of *Mrs. Miller*, and for the reversal of the allowance thereof by the commissioners, is predicated upon an alleged want of proof of material facts. The bill of exceptions does not purport to contain all of the testimony, and it must be presumed, in support of the decision of the court denying such motion, that there was evidence tending to prove all such facts.

This brings us to consider the instructions given to the jury, to which several exceptions were taken. In giving those instructions the learned circuit judge assumed that there was testimony in the case tending to prove. a release or surrender by the deceased to his wife of the Fancher note and the proceeds thereof, and also tending to prove a gift of the same to her. Without recapitulating the testimony contained in the bill of exceptions, it is sufficient to say that we think it tends to prove both a release and a gift. If it does not so tend, we must, nevertheless, presume that such testimony was given on the trial. The ground for such presumption is, that all reasonable intendments will be made, to sustain the judgment, where the record is silent.

If the deceased in his lifetime never asserted any claim to the Fancher note, but constantly treated it, and the proceeds of it, as the property of his wife, we entertain no doubt whatever that the same thereby became, or rather continued to be, her separate property. The facts that Miller had the notes and proceeds in his hands, at times, and invested such proceeds in his own name, are by no means conclusive evidence that he did not relinquish his right thereto ; for he may have held the same and made the investments for his wife and as her agent. Moreover, had Miller taken possession of the Fancher note, claiming it as his own property, it is equally free from doubt that he could have made a gift of the note or proceeds to his wife, which would be valid as against his heirs, though perhaps not as against his creditors. *Putnam v. Bicknell*, 18 Wis., 333. In the present case the question of the rights of creditors is not involved. The instructions are founded upon, and seem to be in entire harmony with, these propositions, and it is believed they are fully sustained by the authorities cited in the able argument of counsel for the respondent.

It should be observed that we have considered the case without reference to the law of 1850, concerning the rights of married women.

Upon the case presented by the record, we must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.