## KEMP vs. SEELY.

ACTION de bonis asportatis. *(1) Pleading and evidence as to plaintiff's title. (2) Proper form of finding.*

1. In an action *de bonis asportatis*, where the answer is merely a general denial, proof of plaintiff's possession at the time of the taking is *prima facie* evidence of his title, and defendant cannot thereupon, by evidence, question the *bona fides* of plaintiff's purchase of the property from his vendor.

2. A finding in such a case, that "defendant did not take, carry away nor convert *the property of the plaintiff*," *held* insufficient, because it does not determine the question of the *taking*, nor *distinctly* determine the question of title, if that was in issue.

APPEAL from the County Court of *Dodge* County.

Plaintiff appealed from a judgment in favor of the defendant. The case is sufficiently stated in the opinion.

The cause was submitted on the brief of *F. Hamilton* and *E. Elwell*, for the appellant, and that of *J. W. Seely*, with *J B. Hayes*, of counsel, for the respondent.

ORTON, J. This is an action *de bonis asportatis*, and the answer a general denial, which is tantamount to the general issue of not guilty. On such an issue, proof that the plaintiff was in possession of the property when taken was *prima facie* evidence of his title, and the further evidence given of his title was unnecessary; and the ruling of the county court admitting testimony, against the objection of the appellant, as to the *bona fides* of his purchase of the property from his vendor, Lemon, was clearly erroneous, because the respondent had not shown by his pleadings any right to question it. *Hutchinson et al. v. Lord*, 1 Wis., 286; *Rogan v. Perry*, 6 Wis., 194; *Stanton v. Kirsch*, id., 338.

The testimony given by the plaintiff and his witnesses was clear and positive that the respondent took the property from the possession of the appellant, and was corroborated substantially by the witnesses of the respondent; and the testimony of the respondent himself, consisting mainly of specific and technical denials, to say the least of it, was very evasive, if not contradictory. The findings of the court were:

" 1. That the defendant did not take, carry away, nor convert, nor in any manner meddle or interfere with, the property of the plaintiff.

" 2. That no trespass was committed by the defendant upon the property of the plaintiff, as alleged in the plaintiff's complaint."

This last pretended finding of fact is a mere conclusion of law, which leaves the first finding alone as authority for the judgment.

The taking and carrying away of the property is qualified and restricted in this finding by the words " the property of the plaintiff." What does this finding mean? Does it mean

that the defendant *did take* the property from the plaintiff, but it was *not his* property, and belonged to some other person? This would seem to be the proper construction and logical inference; for it is a clear negative pregnant, in which the denial of one proposition is the affirmation of another.

In this view the court found the issue of title, which is not in the case, against the defendant, and the issue of the taking, which is in the case, in his favor. Or, in another view, the issue of the taking is not found *positively* at all, but only hypothetically and argumentatively, and therefore not found at all as an independent fact. That is to say, it is found that the defendant did not take the property of the plaintiff because it was not the property of the plaintiff. If the issue of title was in the case at all, then it should have been found as a *distinct* issue. The issue of the taking was clearly in the case, and should have been distinctly and specifically found without qualification.

The findings, therefore, if not equivocal and evasive, are too uncertain and defective to warrant the conclusions of law and the judgment. The judgment of the county court is reversed, with costs, and because it appears that there was a misapprehension at least, if not an evasion, of the real issue, both on the trial and in the findings, the cause is remanded to the county court for a new trial therein.

*By the Court.* — So ordered.