### EMERSON vs. THOMPSON.

*February 1 — February 19, 1884.*

*(1) Evidence of title to personalty under tax sale. (2) Who may maintain trespass or trover. (3) What may be shown under general denial.*

1. To establish a *prima facie* title to personal property under a tax sale, it is not enough to show that the town treasurer claimed to sell for the nonpayment of a tax, but it must also appear that the sale was made under a legal tax warrant showing upon its face a tax against the person whose property was sold, and that the proper notice of sale was given.
2. Possession of property under claim of title is sufficient to warrant a recovery against a mere trespasser or one not acting under or by the authority of the real owner.
3. In an action for the conversion of personal property, under a general denial the defendant may show title in himself or in a third person under whom he claims title or the right of possession; but this rule does not extend to creditors of a vendor, or other persons in similar situations, who seek to avoid the title of a vendee on the ground of fraud in the sale.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice TAYLOR:

"Action to recover the value of certain saw-logs which the plaintiff claimed to own, and which he alleges the defendant unlawfully took from his possession and converted to his own use. [The answer was a general denial.]

"The plaintiff, to prove his title, introduced evidence showing that he bought the logs in question at a sale made by the town treasurer to pay the taxes assessed against a man by the name of J. S. Keator. He made the purchase in March, 1881. At the time of the purchase, the logs were in the river. Afterwards, in the same month, he hauled them out of the river, and left them on the bank, where they remained until June of the same year, when the defendant put them into the river again, without the plaintiff's consent, and the logs were lost to the plaintiff. *Thompson*, the defendant, was called as a witness for the plaintiff. He admits he removed the logs from the place where the plaintiff had put them. He says: 'I hauled them into the stream in the last of May or first of June.' He also stated, upon his cross-examination, that, during the previous winter, he put these logs, with others, into the stream for J. S. Keator, and that they were marked with Keator's mark. Plaintiff proved the value of the logs at the time they were taken by *Thompson*.

"The defendant offered no evidence on the trial, except such as was given upon the cross-examination of the plaintiff's witnesses. After the plaintiff rested, the court, upon motion of the defendant, nonsuited the plaintiff, and judgment was entered against him for costs. The plaintiff appealed to this court and alleges that the nonsuit was erroneous."

The cause was submitted for the appellant on the brief of *R. J. MacBride*, and for the respondent on that of *James O'Neill*.

For the appellant it was contended that, under the general

denial, the defendant was in no position to offer evidence on his part to attack the validity of the tax sale, much less to compel the plaintiff to show affirmatively the regularity of the proceedings. *Kemp v. Seely*, 47 Wis., 687; *Hutchinson v. Lord*, 1 id., 286; *Rogan v. Perry*, 6 id., 194; *Strong v. Hobbs*, 20 Vt., 185; 1 Addison on Torts (Dudley & Baylies' ed.), 88, 450; *Kissam v. Roberts*, 6 Bosw., 154; *Demick v. Chapman*, 11 Johns., 132; *Ely v. Ehle*, 3 N. Y., 506; *Fry v. Soper*, 39 Mich., 727; *Rosenbury v. Angell*, 6 id., 508.

For the respondent it was argued, *inter alia*, that the plaintiff must show not only the tax sale but the regularity of all the proceedings. *Bridge v. Bracken*, 3 Pin., 73; *Potts v. Cooley*, 51 Wis., 355; *Woodman v. Clapp*, 21 id., 361; Cooley on Taxation, 326–329. The general denial put in issue the plaintiff's title and right of possession, and the defendant could prove title in himself or in a stranger. *Phœnix Mut. Life Ins. Co. v. Walrath*, 53 Wis., 675; *Timp v. Dockham*, 32 id., 146; *Delaney v. Canning*, 52 id., 266.

TAYLOR, J. On the part of the learned counsel for the respondent it is argued that the nonsuit was properly granted, for the following reasons: 1. That the evidence shows that the logs in question were the logs of J. S. Keator, and there is not sufficient evidence given on the part of the plaintiff to show that Keator's title was divested by the tax sale and vested in the plaintiff; and 2. That the evidence shows that what defendant did in May or June in taking possession of the logs and putting them in the stream again after they had been removed therefrom by the plaintiff in March previous, was done on behalf of the owner, Keator.

We are inclined to think that if the proofs in the case had clearly established the fact that the removal of the logs by the defendant in June had been under the direction of Keator, the plaintiff would have failed in his action, for the following reason: The proof that he bought the logs at a

sale made by the town treasurer for the nonpayment of taxes assessed against Keator was not sufficient evidence to show that the title of Keator was divested and vested in the plaintiff. In order to establish a *prima facie* title to personal property, under a sale by the town treasurer, it is not sufficient to show that the treasurer claimed to sell for the nonpayment of a tax, but the purchaser must show that the treasurer had a legal tax warrant in his hands, under which the sale was made, and that such warrant showed on its face a tax against the person whose property was sold, which he was, by the command of said warrant, required to collect, and that the proper notice of sale was given. *Mericle v. Mulks*, 1 Wis., 366; *Power v. Kindschi*, 58 Wis., 539; *McLean v. Cook*, 23 Wis., 364; *Sprague v. Birchard*, 1 Wis., 457; secs. 1127, 4162, R. S. 1878.

It must be admitted, therefore, that the plaintiff in this action failed to show even a *prima facie* title as against the title of Keator. But he did show that he had possession of the property in suit under a claim of title when the defendant took possession of the same. Possession under claim of title is all that is necessary to be shown by the plaintiff in order to recover against a mere trespasser, or one not acting under or by the authority of the real owner. *Hutchinson v. Lord*, 1 Wis., 286; *Rogan v. Perry*, 6 Wis., 194; *Stanton v. Kirsch*, id., 338; *Kemp v. Seely*, 47 Wis., 678.

As we understand the evidence in this record, it does not show that the defendant was acting for or on behalf of Keator, the former owner of the logs in question, when he took them from the possession of the plaintiff. For anything appearing in this case, Keator, the former owner of the logs in question, may be satisfied that his title was divested by the tax sale, and have fully acquiesced in the same. It is well established in this state that in an action for the conversion of personal property, under a general denial the defendant may show title in himself or in a third

person under whom he claims title or the right of possession,— *Phœnix Mut. Ins. Co. v. Walrath,* 53 Wis., 671, 675,— but this rule does not extend to the creditors of a vendor, or other persons in similar situations, who seek to avoid the title of a vendee on the ground of fraud in the sale. *Kemp v. Seeley, supra; Norton v. Kearney,* 10 Wis., 443; *Jones v. Lake,* 2 Wis., 210; *Adler v. Cole,* 12 Wis., 188, 213. As the evidence in this action does not show affirmatively that the defendant was acting on behalf of the former owner of the logs, in removing them from the possession of the plaintiff, it was error to nonsuit the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

