McCourt, Respondent, vs. Bond, Appellant.

*November 9 — December 1, 1886.*

(1) *Replevin: Variance in description between affidavit and writ.* (2) *Voluntary assignment: Who may attack validity.*

1. Where there was no uncertainty as to the property to be taken, and the right property was taken, on a writ of replevin, a variance between the description in the affidavit and that in the writ may be cured, if necessary, by amendment.

2. A defendant in replevin who does not show that in taking the property from the plaintiff he represented a creditor of the plaintiff's assignor and acted by virtue of legal process, stands in the position of a mere trespasser and cannot question the validity of the assignment under which the plaintiff was in possession.

APPEAL from the Circuit Court for *Price* County.

This is an action of replevin for a piano, commenced in a justice's court and taken thence to the circuit court by an appeal from a judgment in favor of the defendant. In the circuit court a jury was waived. Though the defendant's answer alleges that he took and holds the property under and by virtue of two several executions issued upon judgments against Mrs. A. M. Byrnes, the plaintiff's assignor, yet no evidence was introduced on the trial in the circuit court to sustain such allegation. The court found in favor

of the plaintiff and rendered judgment accordingly, from which the defendant appeals.    Other facts will appear from the opinion.

*Willis Hand*, for the appellant, contended, *inter alia*, that void process is not amendable.    4 Wait's Pr. 642; *Snedeker v. Quick*, 11 N. J. Law, 179.    Without an affidavit to support the writ the suit must . fail.    Wells on Replevin, see. 651.    The writ must describe the property to be seized with such certainty that the officer can identify it.    Wells on Replevin, sec. 171 *et seq.; * R. S. sec. 3731.

*J. K. Parish*, for the respondent.

COLE, C. J.    In the affidavit the property was described as "one Hempstead piano, No. 17,945."    In the writ it was described as "one Emerson piano."    ·On the trial the circuit court permitted the writ to be amended so as to make the description correspond with that in the affidavit.    It is claimed by the learned counsel for the defendant that this variance or defect was jurisdictional and could not be cured by an amendment.    We are inclined to think no amendment of the writ was necessary, but, if it was, it was certainly competent for the court to permit it to be made.    The proper piano was taken on the writ.    Description is for the identification of the property sued for, and to aid the officer in seizing the right chattel.    Here there was but one piano, therefore there was no room for any uncertainty as to the property.    The officer could and did have no difficulty in identifying the piano he was commanded to take by his writ.    The affidavit, which is deemed the complaint, described it accurately and fully.    But if it was necessary to amend the writ so as to make the description therein read precisely as it did in the affidavit, the court had the power to allow it to be made.

The plaintiff claims title to the piano by virtue of an assignment made to him by A. M. Byrnes.    Mrs. Byrnes ·as-

signed to plaintiff all of her property, real and personal, of every kind, saving only such articles of household furniture and other effects as were exempt, for the benefit of her creditors. The plaintiff took possession of the piano under the assignment. The assignment on its face bears date August 14, 1883, but the plaintiff was permitted to show by parol testimony that it was in fact executed on the 15th of that month. This proof was made in order to avoid the objection that the inventory and list of creditors, which were not filed until the 25th of August, were not filed in time. We see no objection to proving the actual time the assignment was executed upon the facts of this case. See *Wadleigh v. Merkle*, 57 Wis. 517. It is said allowing the record to be contradicted and the dates corrected might injuriously affect the defendant. But the defendant did not show that he represented a creditor of the assignor, consequently he was in no position to question the validity of the assignment. This, perhaps, is a sufficient answer to some other objections which counsel makes, as that (1) no title to the property passed to the plaintiff by the assignment, because there was no proof that the assignor owned it; (2) it was not included in the inventory filed; (3) that no affidavit of the nominal assets was made and filed, so as to determine the amount for which the assignee should give bond, etc. We suppose possession of personal property is evidence *prima facie* of ownership. And, as plaintiff's counsel observes, since the defendant did not attempt to show that he represented a creditor of the assignor, and had taken the piano from the possession of the plaintiff by virtue of a legal process, he stood in the position of a mere trespasser. He had no right to challenge the title or right of possession of the plaintiff any more than any other stranger. Had he shown that he represented a creditor of the assignor, quite a different case would be presented. As it is, the judgment of the circuit court, we think, was correct, and must be affirmed.

*By the Court.*— Judgment affirmed.