Cummings, Respondent, vs. Friedman, Appellant.

*January 14 — February 2, 1886.*

*Married woman: Possession sufficient to maintain trespass: Gift from husband.*

1. A married woman who was in the actual possession of personal property may, without other proof of title, recover against a mere trespasser.

2. A married woman may acquire title to property by gift from her husband which will be good except as against his creditors.

APPEAL from the Circuit Court for *Rock* County.

The facts are sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Dodge & Fish*, and oral argument by *Mr. Dodge.* They contended that a married woman could not become the owner of property by gift from her husband; that if he gave her money it continued to be his, and her possession thereof was his possession; and that therefore she could not maintain any action in respect thereto. 1 Bell on H. & W. 466–9; 1 Bishop on Marr. Wom. secs. 64, 730; *Baxter v. Knowles*, 12 Allen, 114; *Thompson v. O'Sullivan*, 6 id. 303; *Hawkins v. Providence & W. R. Co.* 119 Mass. 596; *Stimson v. White*, 20 Wis. 562; *Carpenter v. Tatro*, 36 id. 297; *Bell v. Bell's Adm'r*, 37 Ala. 537; *Wheeler & W. Mfg. Co. v. Teetzlaff*, 53 Wis. 211; *Gibson v. Gibson*, 43 id. 23; R. S. sec. 2342.

For the respondent there was a brief by *Fethers, Jeffris & Smith*, and oral argument by *Mr. Fethers.* To the point that the plaintiff having been in the actual possession of the property a mere wrong-doer cannot dispute her right to bring the action, they cited, besides cases cited in the opinion: *Winchester v. Stevens Point*, 58 Wis. 366; *Oughton v. Seppings*, 1 Barn. & Ad. 241; *Hoyt v. Van Alstyne*, 15 Barb. 568; *Paddock v. Wing*, 16 How. Pr. 547; *Armory v. Delamirie*, 1 Strange, 505; *McLaughlin v. Waite*, 9 Cow. 670;

*Duncan v. Spear*, 11 Wend. 54; *Burke v. Savage*, 13 Allen, 408; *Barker v. Miller*, 6 Johns. 195; *Hoyt v. Gelston*, 13 id. 141.

ORTON, J.   This action was brought by the respondent, as plaintiff, against the appellant, as defendant, for unlawfully, wilfully, and maliciously taking and carrying away $60 in money and a pocket-book, the property of the plaintiff, of the value of $60.15, and converting the same to his own use, to her damage of $2,000.   It is alleged in the answer, and was proved upon the trial, that the plaintiff was at the time and is yet a married woman, and had and has a husband living.   The testimony was that the plaintiff had said money in a pocket-book, and the pocket-book was in a hand-bag which she had been carrying with her and had just set down when said money and pocket-book were so taken away by the defendant.

The first question raised on the argument was whether this property was in the possession of the plaintiff or of her husband at the time.   This is not a question of lawful possession, but of actual, manual possession.   A married woman in this state may own and possess exclusively her own separate property, and have the same dominion over it as any other person.   Such an exclusive possession of property, as money in her own private pocket-book, carried upon or with her person in her own hand-bag, and set down or left in some place to suit her own convenience, is just as much *prima facie* evidence of her ownership of it as her separate property as if she were a single person.   It is sufficient that she may own separate property; then her possession of it is evidence of her ownership of it as such.   It is an elementary principle that a person in the actual possession of goods and chattels may recover in trespass against a mere wrong-doer without other proof of title.   Cooley on Torts, 444; *Rogan v. Perry*, 6 Wis. 194; *Weymouth v. C. & N. W.*

*R. Co.* 17 Wis. 550; *Emerson v. Thompson,* 59 Wis. 619; *Bates v. Campbell,* 25 Wis. 613; and other cases cited in brief of counsel.

This doctrine is applicable to all persons capable of owning personal property. Shall a married woman be made an exception to this rule? If so, then she has not the same legal right and means to protect her own separate property as all others have. If a wrong-doer invades her possession, she may not rest her case on that possession, but must go further, and prove her title. This would be a violation of the liberal rule for the construction of the statutes made for the protection of a married woman's right to her separate property. *Dayton v. Walsh,* 47 Wis. 113; *Krouskop v. Shontz,* 51 Wis. 204. When the law gave her the right to acquire and hold property separate from her husband it conferred on her all the rights incident thereto, the same as if she were *feme sole. Conway v. Smith,* 13 Wis. 125. Her actual possession of personal property is protected from the invasion of wrong-doers the same as if she was unmarried, and that possession should be referred to such right of property therein as the law allows her to acquire. If a married woman owning separate property in goods and chattels cannot insist and rely upon her possession as being protected from a wilful trespasser simply because she is living with her husband, and the old common-law rule is to prevail, which makes all the possession she can have her husband's possession, then her dominion over such property is greatly restricted, if not taken away. It is begging the question to say that her possession will be protected after she has shown that the property is her own under the statute. All other persons may rely upon their possession; why should she be required to prove her title in order to establish her possession and right of possession? But this court has decided the same question in respect to the wife's possession of her separate property in land, where both the husband and wife

resided together on such land. It was held that such possession was sufficient to enable her to maintain an action of trespass against one having no right. *Boos v. Gomber*, 23 Wis. 284. We think that in this case the evidence shows clearly that she was in the personal and actual possession of the property in question, and that that was sufficient, without other proof, to enable her to maintain her action against the defendant as a mere wrong-doer.

But she went further in this case, and proved the property hers by gift from her husband. It is contended by the learned counsel of the appellant that the statute does not change the common law in respect to allowing a married woman to acquire separate property by purchase or gift from her husband. When the rights of creditors are not involved, she may prove her title by gift from her husband to either real or personal property. This has been so often decided by this court that it is no longer open for argument in this state. In *Miller v. Aram*, 37 Wis. 142, it was held that a gift of a note by the husband, while living, to his wife was sufficient to establish her claim against his estate and heirs for the proceeds of such note collected by him; citing *Putnam v. Bicknell*, 18 Wis. 333. In that case an absolute conveyance of real estate by the husband to the wife was sustained as giving her a separate estate against the husband's heirs, and Chief Justice Dixon lays down the principle that "where the husband is in a situation to make a gift of property to the wife, and distinctly separates it from the mass of his property for her use, . . . equity will sustain it." The testimony here is that the husband gave his wife, the plaintiff, the money taken, to do with it as she pleased, and she carried it on or with her own person, as her own separate property. This makes the above language strictly in point. To the same effect is *Beard v. Dedolph*, 29 Wis. 136. See, also, *McCourt v. Bond*, 64 Wis. 596, where the wife had made an assignment of personal

property which had been a gift from her husband. It may be said that such a gift confers only an equitable title upon the wife. But even an equitable title, by these authorities, is good, except as against creditors, and especially as against a naked trespasser; and such a title will protect the possession as well as a legal title.

We think that the circumstantial evidence that the defendant took the money and pocket-book, although not conclusive, was sufficient to sustain the verdict in such an action.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 33 Alb. L. J. 230.— REP.

