Frank A. Johnson *vs.* J. C. Oswald and others.

June 18, 1888.

**Action for Conversion—Evidence Admissible under General Denial of Plaintiff's Title.**—In an action for the conversion of personal property, the complaint alleging title in plaintiff, without stating how he acquired it, the defendant may, on the trial, under a denial of plaintiff's title, show anything that will disprove the allegation; as, if it appear that plaintiff claims title through a sale by defendants, he may show fraud to avoid the sale, and his rescission of it.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial after verdict for plaintiff.

*Thomas Canty,* for appellants.

*Henry J. Gjertsen,* for respondent.

Gilfillan, C. J.    This action was for conversion of personal property. The complaint alleges, generally, without referring in any way to the means by which he acquired title, that the chattel was the personal property of the plaintiff, and that he was in possession of

it, and that the defendants caused it to be wrongfully taken from him. The answer is a general denial. The defendants offered to prove, in substance, that they, owning the chattel, were induced to sell it to one Larson, from whom plaintiff claims to derive his title, by his (Larson's) false and fraudulent representations, and that, upon discovering the fraud, they rescinded the sale, and retook the chattel. There was already in the case evidence sufficient to go to the jury that plaintiff was not a *bona fide* purchaser of Larson's title. The court below excluded the evidence so offered.

The question raised is, can a defendant in an action for conversion, where the complaint contains only the simple allegation of title in plaintiff, prove under a general denial that the sale under which plaintiff claims title was void, so as to pass no title, by reason of fraud?

The general rule is that "anything that tends to controvert directly the allegations in the complaint may be shown under the general denial." *Bond* v. *Corbett*, 2 Minn. 209, (248.) Upon this rule it is held that, in an action in replevin or for conversion, a denial of the simple allegation of plaintiff's title will admit proof of title in defendant or a third person,—*Caldwell* v. *Bruggerman*, 4 Minn. 190, (270;) *Jones* v. *Rahilly*, 16 Minn. 283, (320;) *McClelland* v. *Nichols*, 24 Minn. 176; *Robinson* v. *Frost*, 14 Barb. 536; *Davis* v. *Hoppock*, 6 Duer, 254; *Emerson* v. *Thompson*, 59 Wis. 619, (18 N. W. Rep. 503,)—for such proof directly controverts the allegation of plaintiff's title in the complaint. In the case of a sheriff, defendant, who seeks to justify his taking under process, on the claim that the sale to plaintiff was in fraud of the creditors of the person against whom the process runs, it has been held that a general denial of plaintiff's title is not sufficient. *Frisbee* v. *Langworthy*, 11 Wis. 375. The rule in this state, in the case of an officer justifying under process, is stated in *Kenney* v. *Goergen*, 36 Minn. 190, (31 N. W. Rep. 210,) to be that under the denial of plaintiff's title, and the allegation of title in the person against whom the process runs, he may, without specially pleading it, show fraud as to creditors in the sale by such person to plaintiff. There is some reason for requiring from the officer in such a case somewhat fuller pleading than from the defendant in a case like this. A sale in fraud of creditors is valid and effectual, and

passes the title as between the parties. Only creditors who are defrauded by it can avoid it, and there is some reason for requiring one who seeks to avoid it to put himself in the place of a defrauded creditor. But in a case like this, if the facts be as defendants sought to prove them, the sale was void, and Larson got no title. As between the parties to the sale and to the action, it remained in defendants, unless plaintiff is a *bona fide* purchaser. A general denial puts in issue only the facts alleged in the complaint. Thus, if this complaint, instead of alleging plaintiff's title, had alleged the facts through which it was derived,—as, had it alleged the sale by defendants to Larson, and title derived by plaintiff from him,—a general denial would enable defendants only to disprove those facts, but not to prove other facts to vary their legal effect. In such case the fraud could not have been proved without pleading it. The case would then have been analogous to *Finley* v. *Quirk*, 9 Minn. 179, (194,) (86 Am. Dec. 93,) in which a denial of the sale of a horse was held to raise an issue only on the sale in point of fact, and did not justify evidence that it was made on Sunday, so as to be illegal. Under the denial in that case, the defendant might have followed any line of evidence that would have disproved the sale in point of fact. So, under a denial of the pleadable fact of title, the defendant may introduce any evidence that will disprove such alleged fact. In many cases it might put a defendant to great disadvantage if, when the complaint alleges only the fact of title, without disclosing by what means plaintiff claims to have acquired it, defendant must anticipate plaintiff's evidence as to the source of title, and plead expressly facts to do away with the effect of it.

It was error to exclude the evidence offered, and there must be a new trial.

Order reversed.