MATHIAS JOHNSON v. PETER MORSTAD and Another.[1]

January 10, 1896.

63    397
52LRA716n

Nos. 9693–9694—(244–243).

Conversion—Evidence—Books of Account.

The plaintiff brought this action to recover the value of a coat, which he alleged had been converted by the defendants to their own use. Answer, a general denial. The defendants' testimony tended to show that they had purchased the coat of the plaintiff by agreement with him wherein they released certain book accounts against him of equal value of the coat, which agreement, and the existence of any indebtedness on his part to the defendants, he denied: In addition to the defendants' oral testimony tending to show the indebtedness of plaintiff to them, they offered in evidence their

[1] Reported in 65 N. W. 727.

account book, wherein it appeared that plaintiff was indebted to them in about the same amount as the value of the coat. The book was excluded by the trial court. *Held* error; that the account book was not only competent evidence itself, but was material evidence in corroborating the oral testimony of the defendants that the plaintiff was indebted to them at the time of the alleged agreement for the purchase of the coat.

Appeals by defendants from an order of the district court for Rock county, Gould, J., denying a motion for a new trial and also from a judgment in favor of plaintiff for $144.66.    Reversed.

*E. H. Canfield,* for appellants.

*L. S. Nelson,* for respondent.

BUCK, J.    This action was brought to recover the value of a mink-skin overcoat, which the plaintiff alleges was unlawfully converted by the defendants to their own use in the month of November, 1892.    The value of the overcoat is alleged to be $200.    The answer is a general denial.

The plaintiff became the owner of the overcoat by purchase from the defendants in the fall of the year 1888, and paid therefor the sum of $115.    In the fall of the year 1891 the plaintiff delivered the coat to the defendants, who agreed to send it away for repairs, and plaintiff was to pay the charges of $20 when the coat was returned to defendants.    Subsequently the coat was so returned.    In the month of January, 1892, after the coat had been repaired, and while it was in the possession of the defendants, the plaintiff called upon them at their place of business, and offered to pay them $20, the cost of the repair of the coat.    The defendants refused to let him see it or to deliver it to him, and subsequently sold it.    These proceedings took place in South Dakota, and upon defendants' refusal to return the coat the plaintiff commenced a suit therefor in that state, which was subsequently dismissed by agreement of the parties, but the terms thereof are in dispute.

By the defendants it is claimed that at the time this agreement was made the plaintiff was indebted to the defendants in a large sum on a book account, together with the $20 charges on the coat. With the exception of the charges on the coat, the plaintiff denied that there existed any such indebtedness.    It is also claimed by the defendants that at the time of said agreement, and as a part

thereof, it was agreed that the suit then pending should be dismissed; that the plaintiff should have eighc weeks thereafter in which to pay the defendants his entire indebtedness to them, and that, should he fail so to do, the coat, then still in the defendants' possession, should thereupon become the absolute property of the defendants, and in consideration therefor the plaintiff's indebtedness should be satisfied; although it is claimed by the plaintiff that a different agreement was reached, and that the coat was to be left in the possession of the defendants until such time as the plaintiff should call for it. There was a sharp conflict in the evidence as to the terms of the agreement, and as to whether the plaintiff was indebted to the defendants in any sum whatever. To sustain the contention of the defendants that plaintiff was indebted to them in a sum between $70 and $80, the defendants, in addition to the oral evidence introduced by them tending to support this claim, offered in evidence their account books and two orders for goods drawn on the defendants by the plaintiff, which defendants claimed would show the indebtedness from plaintiff to them, and that it was the same indebtedness which plaintiff had agreed to pay at the time of the agreement made to dismiss the action commenced in South Dakota. This offer was rejected by the trial court, and it refused to receive either the orders or the book account in evidence. This was error.

All of the elements necessary to make the account books prima facie evidence were proven before they were offered in evidence, and their contents were very material to sustain the defendants' contention that plaintiff was indebted to them. The orders were also material and competent for that purpose, and their exclusion, together with the books of account, must necessarily have operated to the injury of the defendants' rights. If the books of account were correct, and the orders were actually given and unpaid, their admission would go far to establish a complete defense to the action; that is, towards showing that the plaintiff had no title to the overcoat under the agreement, if made at the time of the dismissal of the action, as claimed by the defendants, unless it was a title subject to the defendants' lien thereon.

The plaintiff contends that this agreement was made subsequent to the conversion, and therefore evidence of it was not admissible

unless pleaded.    The plaintiff alleged that the conversion took place in the month of November, 1892, while the conversation in regard to the settlement took place in May, 1892.    But the defendants had a right to show any acts or agreements between the parties prior to the time of the commencement of the action as stated in the complaint which would defeat the plaintiff's right of recovery; such, for instance, that prior to the commencement of the action the plaintiff had sold or pledged the coat to the defendants, and that they then owned it, in which case these facts would necessarily defeat the plaintiff's title.    In the case of Johnson v. Oswald, 38 Minn. 550, 38 N. W. 630, it was held that the general rule is that anything that tends to controvert directly the allegations in the complaint may be shown under the general denial.    This is the settled doctrine of this court.

The judgment herein appealed from, and the order denying the defendants' motion for a new trial, are therefore reversed.