SMITH, appellant, *v.* AUERBACH, respondent.

PRACTICE — *pleadings* — *bankrupt law.* An allegation that a mortgage is void under the bankrupt law is not sufficiently explicit without setting out the clause of the law under which the claim is made and the necessary facts to justify the introduction of evidence.

SAME — *pleadings* — *statute of frauds.* If a chattel mortgage is claimed to be void under the statute of frauds, the facts to authorize such proof must be specially pleaded. A mortgage is not void under this statute because given for a pre-existing debt, or for double the amount due; there must be the further allegation that it was done to hinder, delay, or defraud creditors. Taking possession of goods under a chattel mortgage is not wrongful, unless the instrument be shown to have been fraudulent, and the pleadings must contain the proper averments to allow such showing.

*Appeal from Second District, Deer Lodge County.*

J. C. ROBINSON and CHUMASERO & CHADWICK, for appellant.

JOHNSTON & TOOLE, for respondent.

KNOWLES, J. The plaintiff is an assignee in bankruptcy of the estate of Louis and Coleman, bankrupts. The defendants took the goods in dispute by virtue of a chattel mortgage executed to them by said Louis and Coleman. The inference from the pleadings is, that the defendants, by the terms of their chattel mortgage, had the right to the possession of these goods at the time they took possession of the same. Among other issues, the plaintiff, in his complaint in this case, maintains that the mortgage was void, having been made in violation of the bankrupt act, and that, as to creditors, it was void under the statute of frauds, or void in fact. This brings to our consideration the point as to whether plaintiff could prove these issues under the pleadings in the case. The complaint sets forth that this mortgage was in violation of the bankrupt act, but does not show wherein said mortgage was executed in violation of that act. There are no allegations that the said Louis and Coleman were insolvent at the date of the execution of this mortgage; or whether the defendants had reasonable cause for believing that they were insolvent;

or whether the date of the execution of the mortgage was six or four months before the adjudication in bankruptcy of said Louis and Coleman. These facts ought to be specifically pleaded to allow a party to introduce proof thereof. A simple allegation that a mortgage is void under the bankrupt law will not be specific enough." The pleading should set forth under which clause of the bankrupt law a mortgage is void, and should state the necessary facts.

But the evidence that was admitted to show that this mortgage was void under the bankrupt law made out a case for the defendants. The complaint does not set forth sufficient facts to show that the mortgage was void under the statute of frauds of this Territory, or for fraud in fact. There is an allegation that the mortgage was given for a pre-existing debt, and that the amount for which said mortgage was given was double the amount of this debt. But this could not make the mortgage void under the statute of frauds. There are no allegations that the same was made to hinder, delay or defraud creditors, or any thing of that nature. Where fraud is a necessary part of a plaintiff's or defendant's case, the facts constituting the fraud should be set forth so that the opposite party may know what he has to meet. Van Santvoord's Plead. 466–468; *Everston* v. *Miles*, 6 Johns. 138.

I am aware that the case may be so presented that the question of fraud would arise on the trial, but in this case the fact that the defendants took possession of these goods under their chattel mortgage, is specifically averred in the complaint and admitted in the answer. Hence, it devolved upon the plaintiff to show that this taking was wrongful, and show some facts from which the jury could have found that this mortgage was fraudulent. And to show this, it was necessary that the plaintiff should have made the proper averments. It may be true that the issues presented in the pleadings in this case are not presented as they should be, that this issue of fraud should have been raised by the replication; but we must consider the issues as we find them presented. As there were no issues that showed that the mortgage was void under the bankrupt law, and no evidence to that effect, and no facts set forth to show that it was void for fraud, under which evidence to that effect could be admitted, the court below properly

granted a nonsuit in this case. The other errors were waived, if there ever was any validity to them, by the plaintiff's replying to defendants' answer and proceeding to the trial of the cause.

*Judgment affirmed.*