BOTCHER, ASSIGNEE, ETC., respondent, *v.* BERRY, SHERIFF, ETC., appellant.

FRAUDULENT CONVEYANCE — *Pleading* — *Revised Statutes Montana, page 436, section 169.* — Under Revised Statutes Montana, page 436, section 169, an assignment of goods without an actual delivery of possession is conclusive evidence of fraud as against creditors of the assignor; and where, in an action of claim and delivery by the assignee of goods against a sheriff who had attached the goods as those of the assignor, an allegation in the defendant's answer that the assignment is fraudulent as to the attaching creditor, and that the possession of the goods never passed from the assignor to the plaintiff, presents a proper and material issue and should not be stricken out.

*Appeal from Second District, Missoula County.*

STEPHENS & BICKFORD, for the respondent.

MOODY & MARSHALL, for the appellant.

WADE, C. J.   This is an action of claim and delivery. It appears that the Missoula National Bank commenced an action against John McLean & Co. to recover something over $4,000 alleged to be due and payable from McLean & Co. to said bank upon certain express and implied contracts, and sued out ·a writ of attachment, which Berry, the defendant and appellant herein, as sheriff of Missoula county, served, by attaching certain personal property in the hands of Botcher, the plaintiff and respondent herein, who claimed the same as assignee of McLean & Co., and taking said goods into his possession by virtue of said attachment. Thereupon Botcher, as such assignee, brings this action against said sheriff to recover the possession of the goods.

in question or the value thereof. The answer of Berry attacked the assignment of McLean & Co. to Botcher, for that it was made for the purpose of cheating, swindling, defrauding, hindering and delaying the creditors of McLean & Co. in the collection of their just debts and demands against said company, and particularly to cheat, swindle, defraud, hinder and delay the Missoula National Bank, one of said creditors, in the collection of its demand against said company which was then due, owing and unpaid. The answer further charges that said assignment is fraudulent and void, for that it authorizes and empowers the pretended assignee therein named to sell and dispose of the goods named therein upon credit; that said instrument of assignment did not pretend to convey to said assignee all the property at the time owned by said McLean & Co., but limited such assignment to the property of said company at the time thereof in the county of Missoula; that said instrument did not pretend to assign any of the real estate of said company, when as a matter of fact said company owned real property situate in Missoula county, at the time of making said assignment, of the value of $2,000; that said instrument of assignment reserved to the said John McLean & Co., and to the members of said firm, such property as the laws of Montana exempt from execution, without selecting or designating the particular property so exempt; that there was no delivery of the possession of said property, or any part thereof, to said Botcher as such assignee or otherwise, and that the whole of said property continued to be held by said McLean & Co. in the same building and in the same manner as it was prior to the time of the execution of said pretended assignment. The answer further sets out the official character of Berry, as sheriff of Missoula county; the issuance of the writ of attachment in the action of *The Missoula Nat. Bank* v. *McLean & Co.;* the levy of such attachment, and the taking into his possession by virtue thereof the goods in question, which at that time are alleged to have been the property of McLean & Co.; the recovery of a

judgment in that action in favor of the Missoula National Bank for the sum of $4,141; the issuing of an execution thereon; the sale of the goods in question; the application of the proceeds of such sale upon said judgment, and that said judgment remains unsatisfied, the property of McLean & Co. outside of said assignment being insufficient to satisfy the same. All of the foregoing allegations of the answer were, on motion of the respondent, stricken out, and this action of the court is the principal error assigned.

The goods were seized by the sheriff at the suit of the bank, and the question at the trial was, who, at the time of such seizure, were the owners of such goods, and entitled to the possession thereof? The sheriff stood in the place of the attaching creditor and had the right to defend for him. He had the property in possession. The respondent claimed it by virtue of McLean & Co.'s assignment to him. The appellant answered and said that the assignment was fraudulent and void; that the goods had never passed from the possession of McLean & Co.; that McLean & Co. were still the owners; and that the property was subject to attachment by the bank. It became the duty of the respondent to assert and maintain his title and right of possession. This necessarily involved the validity of the assignment of McLean & Co. to him. In order to obtain a return of the property, it was necessary for him to establish the validity of the assignment and to show that he was entitled to the possession of the property. In order to do this, he alleged the validity of the assignment, and his possession of the property in pursuance thereof, and the appellant raised an issue on these allegations and averred that the assignment was fraudulent and void; that it did not pass the title or right of possession to the respondent; that McLean & Co. were still the owners; that they had never parted with their possession; and that they were, at the time of the attachment, in the actual and lawful possession of said property. The appellant had the right to make this defense for the attaching creditor.

This is an action of claim and delivery. The claimant must establish his right. If the assignment was fraudulent; if possession of the property by virtue thereof never passed from McLean & Co. to respondent; if the assignors were still in possession and the assignee never took possession of the property, then the title and the action of respondent would fail. This was the issue to be tried. The rights of the parties depended upon this issue and the validity of the assignment. But they were denied the right of trying this question, by striking out the averments of the answer whereby this issue was tendered. This is not the case of a creditor's bill, wherein it is sought to set aside a fraudulent conveyance after having exhausted his remedy at law. In such a case he must show that he has a judgment and that he cannot collect the same on execution. If he had not exhausted his remedy at law, he could not resort to a court of equity. The purpose of a creditor's bill is to uncover and bring to light property that an execution would not reach. But there is no creditor's bill in this case. The questions discussed at the bar do not arise. Here the property had been seized. It was in the possession of the sheriff, and the question was, did it belong to Botcher, the assignee, or to McLean & Co., the assignors? It was not necessary to wait until the claim of the attaching creditor ripened into a judgment, and the return of an execution unsatisfied, before this question could be decided. Justice and the law simply required that the property be held until its ownership could be lawfully determined. The matter stricken from the answer was material. If, as alleged, the assignee did not take possession of the property, and McLean & Co. continued in possession after the pretended assignment the same as before, or continued to carry on their business without any change of possession, then their property was subject to attachment, the same as though no pretended assignment had taken place. Proof of these allegations ought to have defeated respondent's action. It would have shown that he had no title or right of possession to the

property and that the same was subject to attachment by the creditors of McLean & Co.

Our statute provides that every assignment of goods and chattels, unless the same be accompanied by the immediate delivery, and be followed by an actual and continued change of possession of the thing assigned, shall be conclusive evidence of fraud as against the creditors of the person making such assignment. R. S. § 169, p. 436. An assignment without a delivery of the goods and chattels assigned, and without any actual and continued change of possession, is, as against the creditors of the assignor, the merest nullity, and leaves the property attempted to be assigned subject to seizure by attachment or execution precisely the same as if no pretended assignment had been made. It does not make much difference by what kind of an instrument a sale, assignment or transfer of goods or chattels is sought to be made. If there is not an immediate delivery, followed by an actual and continued change of possession of the thing sold, assigned or transferred, then there is no sale, assignment or transfer, and the title and possession remain in the vendor or assignor, and the property subject to seizure, as if no attempt at sale or assignment had taken place. This is just what the appellant sought to prove under the allegations of his answer which were stricken out. The proposition apparently assumed by the respondent, or resulting from such position, that property assigned, without an immediate or other delivery, and without any actual and continued or other change of possession, cannot be seized by a creditor of such fraudulent assignor until his claim is in judgment and an execution returned unsatisfied, would be one of the most remarkable that has come to our notice. We do not understand how the law in relation to creditor's bills, and when they are or are not an appropriate remedy, can possibly be made applicable to this simple action of claim and delivery. Here there has been no property to uncover. It has been seized. It is in the hands of the sheriff, awaiting the determination

of the question of ownership and right of possession. If the assignment to Botcher was lawful and valid, then he is entitled to a return of the property or the value thereof. If it was fraudulent, as charged by respondent, and there was not immediate delivery of the property assigned, followed by an actual and continued change of possession, then the seizure by the bank was lawful and the appellant entitled to the possession of the property.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

McLEARY, J., and BACH, J., concur.