BICKLE, RESPONDENT, *v.* IRVINE ET AL., APPELLANTS.

PLEADING— *Proof of constructive fraud.* —The facts constituting constructive fraud must be alleged in order to be proved, and are not admissible under a general denial in an answer. (Cases of *Smith* v. *Auerbach*, 2 Mont. 349; *Botcher* v. *Berry*, 6 Mont. 448, cited.)

AMENDMENTS. — The refusal of the court below to allow the answer to be amended in order to admit proof of constructive fraud cannot be held error, where it does not appear from the transcript that any amendments were ever prepared or submitted to the court, or that good cause was shown therefor.

*Appeal from Fourth Judicial District, Custer County.*

The cause was tried before BACH, J. Defendants appeal from an order overruling a motion for a new trial, by LIDDELL, J.

*Andrew F. Burleigh*, and *C. R. Middleton*, for Appellants.

Where the plaintiff alleges that he is the owner of personal property described in his complaint, and that the same has been wrongfully taken by the defendant, the defendant may show under a denial of plaintiff's title anything that is inconsistent with the allegations of the complaint. Where the plaintiff shows that he claims ownership by reason of a purchase from a third person, the defendant, under a denial of the plaintiff's title, may show that the purchase was fraudulent as against the creditors of the person from whom he made such purchase. (*Tupper* v. *Thompson*, 26 Minn. 385; *Kenney* v. *Goergen*, 36 Minn. 190; *Johnson* v. *Oswald*, 38 Minn. 550; 8 Am. St. Rep. 698; *Staubach* v. *Rexford*, 2 Mont. 565; *Meyendorf* v. *Frohner*, 3 Mont. 282; *Leggatt* v. *Stewart*, 5 Mont. 107; *Goddard* v.

*Fulton,* 21 Cal. 430.) If in order to show the fraudulent character of the sale it was necessary that such fraud should be alleged in the answer, then it was an abuse of discretion on the part of the court in refusing to allow the defendants' offer so to amend their answer on the trial. (*Stringer* v. *Davis,* 30 Cal. 318; *Pierson* v. *McCahill,* 22 Cal. 127.) Under our practice the rule as to the amendment of pleadings is very liberal. (Comp. Stats. §§ 115, 116.)

*J. W. Strevell,* and *James H. Garlock,* for Respondent.

Where a sheriff seeks to justify the taking of property under an attachment from one who is a stranger to his writ, he must show an existing debt in favor of the attaching party and against the person attached. (*Thornburgh* v. *Hand,* 7 Cal. 554; *Ford* v. *McMaster,* 6 Mont. 240; *Horn* v. *Corvarubias,* 51 Cal. 524; *Crocker on Sheriffs,* § 866; *Kane* v. *Desmond,* 63 Cal. 464.) There was no showing made by the defendant to entitle him to amend as required by section 116 of the Compiled Statutes. Defendant could not prove fraud under a general denial. Under a statute like ours, the authorities are without limit to refute such a proposition as that. Fraud is a special defense and must be specially pleaded. (*Smith* v. *Auerbach,* 2 Mont. 348; *Glazier* v. *Clift,* 10 Cal. 303; *Terry* v. *Sickles,* 13 Cal. 427; *Botcher* v. *Berry,* 6 Mont. 448; *People* v. *San Francisco,* 27 Cal. 655.)

BLAKE, C. J.—This action was commenced in the Probate Court of Custer County, against the sheriff and his deputy, to recover the possession of certain horses, or the value thereof, and also damages for their wrongful use. The complaint alleged that "the plaintiff was the owner of, and entitled to the possession of," the property. The answer denied this and the other allegations of the plaintiff, and as new matter, pleads a justification for the officers under a writ of attachment. The case was appealed to the District Court, and upon the trial by a jury, the defendants offered to show, by the cross-examination of George Bickle, that after the sale of the horses by him to his brother, the plaintiff, and before the levy of the attachment, the witness "remained in continuous and open possession and control" of the property, "in order to show that the said sale from

this witness to David Bickle was constructively fraudulent under . . . . the statutes relating to fraudulent conveyances." The court sustained the objection to this cross-examination and rejected the offer. A judgment was entered against the defendant, who moved for a new trial, and this appeal has been taken from the order refusing the motion.

The appellants contend that the foregoing cross-examination was legitimate, under the denial in the answer of the title of the respondent to the property. The transcript is imperfect, and fails to show the direct testimony of the witness; and we are not informed concerning this important subject. But counsel concur in the statement that the court below ruled that evidence of this character could not be introduced without an allegation in the answer to this effect, and that the general denial was insufficient. The authorities support the proposition. In *Smith* v. *Auerbach*, 2 Mont. 349, this court, by Mr. Justice Knowles, said: "Where fraud is a necessary part of a plaintiff's or defendant's case, the facts constituting the fraud should be set forth so that the opposite party may know what he has to meet." In *Botcher* v. *Berry*, 6 Mont. 448, this court, in a case similar to the one at bar, held that allegations in the answer that a certain assignment was fraudulent, and that the possession of the property involved never passed from the assignor to the plaintiff, presented material issues, and that it was error to strike them out of the pleading. In *Feeney* v. *Howard*, 79 Cal. 529; 12 Am. St. Rep. 162, the court says: "The facts constituting fraud must be averred in cases of constructive as well as of actual fraud." (See, also, *Golson* v. *Dunlap*, 73 Cal. 164; *Burt* v. *Wilson*, 28 Cal. 638.)

The appellants maintain that the court erred in refusing their application for leave to amend their answer in these respects so that the testimony of George Bickle could be introduced. We repeat our criticism of the unsatisfactory condition of the transcript, and are compelled to say that it does not appear that any amendments were ever prepared or submitted to the court below, or that good cause was shown therefor. We find no error in the record, and the judgment is affirmed, with costs.

HARWOOD, J., and DE WITT, J., concur.