Judge Marshall
delivered the Opinion of the Court.
This was an action of trover, brought by the Executor’s of Elijah Warner, against Graham, for the conversion of a note or covenant for the payment of sixty dollars in trade, to Warner. Issue was joined on the plea of not guilty; and the plaintiffs having proved, that when their agent presented the note for payment, the defendant got possession of it, and refused to give it up,— the defendant (as the bill of exceptions states) “produced several witnesses, and offered to prove that said note was fraudulently obtained from him, for a clock which was of no value, but the court refused defendant permission to give said testimony to the jury.”
The question to be decided by this court, is, whether the evidence thus offered should have been admitted, and this question is resolved into two others,viz. First— does the matter offered to be proved, constitute an appropriate bar to the action of trover? Second — if it does, can it be given in evidence under the general issue, or must it be specially pleaded?
The obligor in a note casually got possession of it, and refused to give it up; and the obligee brings trover as for an unlawful conversion: held, that defendant may prove, under the general issue,that the note was obtained from him by fraud,and may thus defeat the action
These questions are not free from difficulty. It seems to be anomalous to make the grounds and terms of a contract the principal subject of investigation in an action of trover. But it certainly would be no less so, if the defendant were prevented from relying upon any thing which tended to establish, either that the subject of the suit was not the property of the plaintiff; that the possession or conversion of it by the defendant, was not wrongful, or that the thing itself was of no value. The action of trover, by the obligee against the obligor, for the conversion of the obligation itself, is but an attempt to enforce a contract by an action for a tort; and if we throw out of view the manner in which the obligor may have become possesed of the written evidence of the contract, which in the action of trover is entirely immaterial, there seems to be no reason growing out of the form of proceeding, or the real merits of the controversy between the parties, which would preclude the defendant from showing, that the writing was wholly unobligatory; that as written evidence of an obligation, it was of no value to the plaintiff, or to any one but himself, and that in fact it ought to be in the possession of no other but himself.
If by reason of any fact intrinsically connected with the contract itself, it was rendered void in its beginning, or if it has become entirely extinct by matter ex post facto, so that it is not in reality the evidence of an existing obligation, while apparently it is so, the continued possession of it by the obligee, unless justified by some extrinsic consideration, is itself a wrong, or at least, an impropriety, against which a court of chancery affords relief, by ordering the instrument to be delivered up to the obligor, or cancelled. If the obligor, instead of resorting to a court of chancery to obtain this relief, should, as the declaration in trover alleges, get the possession of his obligation by actually finding it, is he bound to restore the possession to the obligee, and does his refusal to do so, amount, in the eye of the law, to a wrongful conversion? We think the refusal to "deliver that which, in foro consdentia, belongs to him, and ought to remain in his possession, is not a wrongful conversion.
Tho’ a party may be entitled to the possession ox a thing, he can not Iawfully^obtam force; and for so able1mtmapprol priate action;but the “iSTAS action is thereon-manner'in which the possession of the thing converted, was obtained, is not mate-ml.
The legal effect of a covenant, or writing obligatory, is generally, to confer upon the covenantee the legal title, not only to the thing which is to be done, but also to the writing itself which evidences his right; but he is entitled to the possession of the writing, merely because it is the evidence of his right to demand or enforce the performance of the covenant. If, therefore, he has no right in the thing itself which is evidenced by the writing, — if the covenant has been performed, or if, on account of some vicious ingredient in the contract, he never had a right to demand its performance, the whole ground ofhis title, even to the written evidence of the contract, ceases; the incident passes, or ought to pass, and to cease with the principal. And at law, as well as in equity, the obligor in a void or extinguished covenant is, prima facie, entitled to the written evidence of the obligation, if it be not destroyed,
But although entitled to the possesion of the writing,he canrLot lawfully gain it by fraud or force; and if an ac- ^ ° J . . ' tion were brought agamst him, m which the manner oi gainjng ^<3 possession constituted the gist of the enquiry, or could ever be taken into consideration in deter-m™ng the fight of recovery, his right of retaining the possession would not constitute a perfect bar, as it would not justify the unlawful taking. In trover, however, the manner of taking is wholly immaterial; the injury complained of,is the wrongful conversion ;and the extent of the ¡niury js measured by the value of the thing wrongfully j *1 <~> <-> *> converted by the defendant to his own use. The defendant cannot have wrongfully converted that of which he . 0 i was mtitled to the use and possession; nor can a writing wholly void or inoperative be of any value to the plaintiff or obligee.
These considerations are still more forcible when we look to the real substance of the action, as a demand of the money itself, or property, which, by the terms of the writing, appeared to be due and payable. Has the plaintiff a right to recover according to the contract, when the contract itself is void, or has been performed, or released? Can he recover for the conversion or detention of the paper, the full amount appearing upon its face to *149 be due, when, if he had the paper itself, he could recover no more than was actually due, and if the contract were void for fraud, or illegality, or utter want of con1sideration, his action would be defeated entirely 1 Such cannot be the doctrine in an action, which, disregarding the manner of acquiring the possession of the paper contract, except as it may be evidence of a conversion, looks exclusively to the wrongfulness of the conversion; and to the value of the thing converted. To subject the defendant to a recovery for the whole -debt or duty, without permitting him to question the obligatory force of the contract, or its present validity, as evidence of a subsisting debt or duty, would be in fact, to punish him for the taking, without regard to those points of enquiry which belong either to the action of trover, or to the merits of the claim on the part of the plaintiff.
In trover, for the conversion of a note, any matter constituting, an available defence to a suit oils the note, may be-given in evidence under the general issue — except a release,, and such a defence as must be-pleaded on oath.
Upon every view of the casé, we are of opinion, that this action may be barred by any matter which shows that the note or covenant detained by the defendant, was never obligatory upon him, or that, by payment or release, it has ceased to be so.
We are also of opinion, that in the action of trover, any facts which go to establish, as above, that the covenant was not obligatory in its origin, or had ceased to be so, and which might have been pleaded to an action on the covenant itself, may be given in evidence, under the general issue — except a release and such special matters of defence as are required to be sworn to, by law, when the action is on the contract.
It follows, that as the plea that the writing was fraudulently obtained from the defendant, might have been pleaded without oath, and would, if sustained, have been a bar to an action upon the writing, the facts showing that the writing was so obtained, constitute a complete defence to this action, and are admissible under the general issue; — the sufficiency of the facts to constitute fraud being, as in other cases, a matter to be judged of by the court, and their existence to be determined by the jury.
It seems to this Court, therefore, that the Circuit Court erred in refusing to permit the defendant to give *150 evidence that.the note in question was fraudulently obtained.
The judgment is reversed, and the cause remanded, for a new trial to be had, in conformity with this opinion.