### AMOS H. BLISS *v.* ENOCH BADGER.

#### *Pleading.    Evidence.    Avowry.    Fraud.*

The defendant in his avowry, alleged that the property replevied belonged to his minor son; that he, as natural guardian, was bound to keep the custody of it, and that his son was fraudulently inveigled by the plaintiff to part with the possession of it. *Held,* that the last averment was surplusage.

When such a plea is traversed and proof offered to show title by purchase, the defendant, to meet this evidence, may show that the sale was effected by fraudulent representations, notwithstanding he did not in his avowry set forth the facts which constituted the fraud.

REPLEVIN, for a three-year-old mare. The defendant plead avowry, which was traversed by the plaintiff. The substance of

the defendant's plea of avowry is given in the opinion of the court. Trial by jury, June Term, 1863, POLAND, Ch. Justice, presiding.

Upon the trial the defendant offered evidence tending to prove that the plaintiff derived title to the mare from one F. F. Bridgman, and that Bridgman obtained her by an exchange of a mare and colt for her, with Alden Badger, a minor son of the defendant, and that the exchange was procured by false and fraudulent representations of Bridgman, and that, as soon as the falsehood of such representations was discovered, the defendant and his son returned the mare and colt to Bridgman, and took possession of the three-years-old mare.

The plaintiff claimed that such evidence was not admissible under the defendant's plea. But the court admitted the same, —to which the plaintiff excepted.

Verdict for the defendant,—exceptions by the plaintiff.

*Peck and Colby*, for the plaintiff.

*Lawson and Davis*, for the defendant.

ALDIS, J.   The defendant's plea alleges that the property replevied belonged to his minor son; that he, as natural guardian, was bound to keep the custody of it; that his son was fraudulently inveigled by the plaintiff to part with the possession of it, and that, on discovery of the fraud, he and his son retook the property.

The ownership of personal property draws to it the right of possession—hence, ordinarily, an allegation of the right of property implies the right of possession; and an express averment of the right to possess is unnecessary. If the property belonged to the son, the father, as guardian, had a right to take it into his possession, and the averment that the possession was fraudulently obtained was surplusage; and though, if the averment of fraud had been material, the facts constituting it should have been averred, yet, being mere surplusage, a defective statement of it does not debar the defendant from proving the

material averments of his plea. He alleged and proved property. That gave him the right to take possession of it. The plaintiff traversing the plea, offered proof that he bought the property of the defendant and his son, and therefore it did not belong to the defendant's son.

The defendant, to meet this evidence, showed that the sale was effected by fraudulent representations. This he had a right to do. The plaintiff's case—his claim of title by purchase—did not appear on the pleadings. It came out in proof, in the progress of the trial, and hence the defendant had the right to show the fraud to rebut the proof of the sale—to show there was no sale.

The fact that the plea referred to the fraud, and stated it generally without setting forth the facts which constituted the fraud would not exclude the defendant from proving the fraud, when, in the progress of the trial, the other party proved the sale so tainted with fraud and claimed under it. As we have already said such statement in the plea was surplusage.

Judgment affirmed.