[Filed February 11, 1890.]

LEWIS HELMICK, RESPONDENT, *v.* ISAAC DAVIDSON
ET AL., APPELLANTS.

EQUITY—JURISDICTION—MONEY DEMANDS—CONFLICTING EVIDENCE.—Where a plaintiff
    in a suit to foreclose a junior mortgage upon real property entered into
    an agreement with the defendant therein, whereby he agreed, for a valu-
    able consideration, to dismiss the suit at his own costs, and after realizing

the benefits of the agreement and receiving the surplus funds arising from a sale of the mortgaged property, under a decree of foreclosure of the senior mortgage, procured in violation of the agreement, a default and decree to be entered by the court in his favor for affirmative relief, which was afterwards set aside by an original suit brought by the defendant, but the court retained jurisdiction of the plaintiff's suit, and allowed the defendant to file an answer therein, and it appearing that there was nothing between the parties to litigate, except mutual money demands, which were strongly controverted, and the proof of them depended upon conflicting oral testimony; *held*, that the case was a proper one to be submitted to a jury, and, that in view of the facts and circumstances, the complaint should be dismissed without prejudice, and the parties remanded to their legal rights in a court of law. *Held, further*, that the rule that a court of equity, having acquired jurisdiction of a suit for one purpose, may retain it for all purposes necessary to do complete justice between the parties in the cause, was adopted for the same object for which other equitable principles were established,—to prevent a failure of justice.

APPEAL from the circuit court for Polk county.

The respondent, on the twenty-eighth day of April, 1883, commenced a suit in said circuit court to foreclose a mortgage upon certain real property in said county, executed by the appellant Davidson and his wife to secure the payment of a promissory note bearing date January 21, 1880, made by the appellant Davidson as principal, and by the appellant Stump as surety, by the terms of which said appellants promised to pay to the order of said respondent, twelve months after date, $1,260, with interest at the rate of 1 per cent. per month until paid. There was a prior mortgage upon the property to Messrs. Ladd & Bush, which was outstanding at the time of the execution of the note and mortgage. Soon after the respondent commenced his said suit, he and the appellant Davidson entered into an agreement to the effect that Davidson should execute to the respondent a chattel mortgage upon the former's growing crop of wheat, and that the latter should dismiss the suit, and pay the accrued costs and disbursements. Davidson did accordingly execute the chattel mortgage, but the respondent failed to dismiss the suit. The respondent realized from the crop of wheat under the mortgage $814.75, which he received on the third day of January, 1883; and on the twenty-eighth day of January, 1883, he received the further sum of $896.38 from the proceeds of the sale of the real property, made upon a fore-

closure of the mortgage to said Ladd & Bush, which mortgage was foreclosed after the commencement of the suit herein, and prior to the last-mentioned date. The said respondent, after making said agreement to dismiss the suit, applied to the said court for an order defaulting the said appellants, and for a decree foreclosing said mortgage, which were granted, and the decree was entered. Subsequently the appellants commenced a suit against the respondent in said court to impeach and set aside said decree on the ground that it was entered in violation of the said agreement. Said court, after hearing the case, ordered that the decree be set aside, but retained jurisdiction of the suit, and permitted said appellants to file an answer therein, which was accordingly filed on the third day of January, 1888. The appellants averred in said answer that on or about the —— day of April, 1881, the appellant Davidson paid respondent the sum of $335, and on or about the —— day of November, 1881, the further sum of $350, as payments on said promissory note, in addition to the amount received under the chattel mortgage and from the proceeds of the sale of the real property upon the foreclosure of the mortgage to Ladd & Bush. The $350 item was on account of a sale of a span of horses sold by Davidson to respondent at that price. There was no contention between the parties in regard to the purchase by the respondent of the span of horses from Davidson at said price. They, however, very decidedly disagreed as to the time at which the sale and purchase were made, Davidson contending that the sale was made after the note in suit was executed, and that the price of the horses was to apply as a part payment thereon. The respondent, with equal positiveness, asserts that he purchased them prior to the execution of the note, which was given to take up a former note, and that their price was allowed on the former indebtedness, and accounted for when the note in suit was given.

*W. R. Bilyeu,* for Appellants.

*Daly & Butler* for Respondent.

PER CURIAM.—The circuit court should not have retained jurisdiction of the suit herein, after ascertaining that the respondent had agreed to dismiss it if the appellant Davidson would execute the chattel mortgage, and that the latter had complied with such agreement. The foreclosure of the Ladd & Bush mortgage, and sale of the real property mortgaged, cut off the respondent's claim to equitable relief, and there was nothing left in the case to be determined except a money demand. The right on the part of the respondent to apply the proceeds of the sale of the wheat upon the debt was given by the chattel mortgage, and the application of the surplus arising upon the sale of the real property, under the Ladd & Bush mortgage, was decreed in the suit to foreclose that mortgage. Hence, at the time the answer to the complaint in the suit herein was filed by the appellants, the only question which remained to be determined between the parties was, what amount, if any, was due to the respondent on the note of January 21, 1880. The determination of that question depends mainly upon the fact as to whether the appellant Davidson paid upon said note the $335 and $350, as alleged in the answer. This is a matter *in pais*, and a very proper one to be submitted to a jury. A court of equity has an undoubted right, where it acquires jurisdiction for one purpose, to retain the suit for all purposes, and do complete justice between the parties in the cause. Such has long been its established policy. Its adoption, however, like that of other principles of equity, was to prevent a failure of justice. In this case the respondent agreed with Davidson, in consideration of an important advantage secured thereby, to dismiss the suit; but failed to keep faith with him, and procured the decree to be entered in his favor, which the circuit court set aside. In the meantime events occurred so affecting the subject matter of the suit that the respondent was unable to claim any relief therein, aside from that which he could obtain in a court of law. Under such circumstances, jurisdiction in equity should not have been retained for the convenience of the

respondent, especially where a trial by jury was much better adapted to a determination of the matter in dispute. The $350 item, the price of the team, depends for its allowance or disallowance as payment on the note almost entirely upon the fact whether the sale of the team was made subsequent or prior to the date of the note. The appellants have produced a large number of witnesses, persons of good standing in the community, who have testified that the team of horses remained in the possession and ostensible ownership of Davidson long after the time the note bears date; while the respondent has produced at least as great a number of persons, of equally as good standing, who testified that he had possession and ostensible ownership of the horses long prior to that time. This testimony was taken by deposition, and is brought here for this court to determine which party is in the right; but it is so conflicting and equally balanced that an attempt to decide the merits of the question therefrom would be liable to do injustice to the party against whom the decision was made. The court, therefore, in view of all the circumstances of the case, has concluded that it will be more just to the parties to dismiss the complaint without prejudice, which will enable them to adjust their differences in a court of law, if they should desire to do so.

The decree appealed from will therefore be reversed and the case remanded to the circuit court, with directions to dismiss the complaint without prejudice; neither party to recover costs.