ARTHUR J. MUNNS AND ELIAS JENSEN, APPELLANTS, *v.* LOVELAND ET AL., RESPONDENTS.

ATTACHMENT—SHERIFF—JUSTIFICATION—LIABILITY OF ATTACHING CREDITORS—JUDGMENT BY DEFAULT—BILL OF SALE—REPLEVIN —ALLEGATIONS OF FRAUD—APPEAL—ABSTRACT—COSTS.

1. Attaching creditors are not liable for the acts of a sheriff unless by interference in some way they make themselves liable. They are presumed to have intended that no action should be taken by the officer not authorized by the terms of the writ. And it is not error to grant a non-suit, as to creditors who have been joined in a suit with the sheriff, when the record furnishes no evidence tending to show that the officer was authorized or directed by his co-defendants, or either of them, to levy upon the particular goods in question or any goods except such as belonged to the debtor. The receiving of the proceeds of the sale in satisfaction of their claims implies no consent to any irregularities or proceedings of the officer, and they are not joint wrongdoers with the sheriff.

2. Where one of the attaching creditors files no answer to such a suit brought, and plaintiff fails to show liability as to any of such creditors, it is not error to deny judgment by default against a creditor thus failing to file an answer.

3. It is not error in a court to direct a jury to return a verdict of no cause of action, in a proceeding in replevin for the possession

of goods or their value, against a sheriff who attached the same as the property of B., when the liability of the officer depends upon the validity of a sale of the goods claimed to have been made by bill of sale which has never been recorded, and where there was no change of possession, as required by section 2837, Comp. Laws Utah 1888.

4. In replevin the rule that, where a party to an action relies upon fraud, he must allege and prove it, does not always apply. Where the plaintiff alleges ownership generally, and right of possession without disclosing the origin of title, or stating facts showing it, the defendant may traverse the allegations of the complaint, and, under the issue thus formed, may prove that the plaintiff's title was founded in fraud, and introduce any evidence which tends to show that the plaintiff had neither title in the property nor right of possession thereof.

5. Where property is found in the possession of the defendant in attachment proceedings, and the writ under which the levy was made and the property seized was issued by a court or officer having lawful authority to issue it, and is in legal form, the officer may justify the levy by producing the writ.

6. When the omissions and inaccuracies of appellant's abstract render the filing of an additional abstract necessary, the costs of such additional abstract may be taxed against appellant.

(No. 783.   Decided June 4, 1897.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge*.

Action by Arthur J. Munns and Elias Jensen against C. C. Loveland, H. E. Gibson, and C. A. Smurthwaite (partners as Gibson & Smurthwaite), L. E. Hall, Zion's Co-operative Mercantile Institution, Brigham City Woolen-Mills Company, George Q. Cannon & Sons Company, Brigham City Mercantile & Manufacturing Association, and Gilbert F. Boreman. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

All of the respondents except C. C. Loveland, who was sheriff of Box Elder county, Utah, on or about the 1st day

of May, 1893, instituted separate suits in justices' and commissioners' courts in said county against one E. A. Box, to recover various claims, and at the same time instituted attachment proceedings, in which writs were issued and placed in the hands of Loveland, as sheriff, who, it appears, under and by virtue of the writs levied upon the stock of merchandise in question, as the property of said Box, and took the goods into his possession, upon dates between the 1st and 5th of May, 1893. After Sheriff Loveland had levied upon and taken into his possession the goods, under the various writs of attachment, said Box and his wife executed a deed of assignment for the benefit of his creditors to the plaintiffs (the appellants herein), as assignees, and thereby attempted to convey the merchandise in controversy, and some real property. The assignees then demanded the possession of the goods, which was refused by the sheriff. After such refusal, on the 20th day of May, 1893, they were sold by the sheriff under writs of attachment issued in the attachment suits; and on the same day the assignees brought this action to recover the possession of the goods, or, if that could not be obtained, their value. They alleged in their complaint generally, in addition to the formal matters, that they were the owners and entitled to the possession of the goods and chattels in controversy, and that upon demand made the defendants refused to surrender the same, and still wrongfully detain and withhold them from the possession of the plaintiffs. All the defendants except George Q. Cannon & Sons Company filed answers in which they specifically denied the allegations of the complaint, and in justification set up the attachment proceedings. At the trial of this cause, upon the plaintiffs resting, a nonsuit was granted as to all the defendants except C. C. Loveland, the sheriff; and at the close of the

testimony of defendant Loveland the court directed the jury to find a verdict of no cause of action as to him, and entered judgment accordingly. Thereupon this appeal was prosecuted.

*R. H. Jones,* for appellant.

Suppose at this time Box had been insolvent; suppose also that this transfer had been voluntary; and further, that the delivery of the bill of sale had not been accompanied by a delivery of the goods sold or followed by a continued change of possession; the transaction would still be valid as between him and his wife and against all the world, except creditors. *Thornburg* v. *Hand,* 7 Cal. 554; *Page* v. *O'Neil,* 12 Cal. 483; *Bickerstaff* v. *Doud,* 19 Cal. 118; *Knox* v. *Marshal,* 19 Cal. 623; *McMinn* v. *Whelan,* 27 Cal. 316; *Sexey* v. *Adkinson,* 34 Cal. 350; *Grum* v. *Barney,* 55 Cal. 256; *Kane* v. *Desmond,* 63 Cal. 465; *Palmer* v. *McMaster,* 19 Pac. Rep. 585; *Weatherly* v. *Straus,* 93 Cal. 286.

"Fraud must be alleged whenever it constitutes an element of a cause of action or a defense which is of an affirmative nature and·invoked as confirming a right as against the opposite party." *Weatherly* v. *Straus,* 93 Cal. 283; *Rasmussen* v. *McKnight,* 3 Utah 324; *Voorhees* v. *Fisher,* 9 Utah 306; Presumptions with Roxey Box; *Hussey* v. *Castle,* 41 Cal. 239.

"Whatever the officer is, by his process, commanded to do, is understood to be directed by the party himself, who causes the writ to be issued and delivered to the officer that the exigency thereof may be complied with. Therefore, to the extent of the command the party is responsible for what the officer shall do." Cooley on Torts, 1st ed., p. 129, n. 1; Cooley on Torts, p. 130, n. 1, citing ten cases; *Foster* v. *Wiley,* 15 Am. Rep. 185; *Vanderbilt* v. *Richmond Turnpike Company,* 22 Coms't 479. There was no summons

issued in this case. An attachment without summons is void. Sec. 3304, p. 266, vol. 2 of the Code; Sec. 3572, p. 308, vol. 2 of the Code; *Lowe* v. *Henry*, 9 Cal. 538. The affidavit does not state whether the amount claimed was due upon "an express or implied contract." It is void. Sub. 1 Sec. 3309, p. 267, vol. 2 of the Code; *Brichman* v. *Ross*, 67 Cal. 603, 4th par.; *Norcross* v. *Nunan*, 61 Cal. 542, par. 1.

*Boreman & Boreman, Johnson, Heywood, Jenson* and *Johnson,* for respondents.

A deed cannot bind a party signing it, unless it contains words expressive of an intention to be bound; nor can it operate as a conveyance of property unless it contains words of grant or conveyance upon the part of the one signing it; it must show a participation in the granting part of the deed. *McFarland* v. *Febiger's Heirs*, 7 Ohio 195; *Purcell* v. *Goshorn*, 17 Ohio 105; *Bruce* v. *Wood*, (Mass.) 1 Mett. 542; *Catlin* v. *Ware*, 9 Mass. 218; *Lufkin* v. *Curtis*, 13 Mass. 223; *Leavitt* v. *Lamprey*, (Mass.) 13 Pick. 382; *Stevens* v. *Owen*, 25 Me. 94; *Lothrop* v. *Foster*, 51 Me. 367; *Powell* v. *Monson, etc.*, 3 Mason C. C. 347; (19 Fed. Cas. p. 1218. Case No. 11356.)

The grounds of the motion for non-suit were sufficiently stated. *Geary* v. *Simmons*, 39 Cal. 224; *Vanderford* v. *Foster*, 65 Cal. 49; *Gilman* v. *Bootz*, 63 Cal. 120; *Carter* v. *Hopkins*, (Cal.) 21 Pac. R. 549; *Daley* v. *Russ*, (Cal.) 24 Pac. R. 867; Hayne, New Tr. & App., sec. 116 (last part).

Upon the point that a sale of personal property, to be valid as against creditors, must be accompanied by delivery and an actual and continued change of possession, we beg to cite the following cases: *Harkness* v. *Smith*, 28 Pac. R. 423; *Bell* v. *McClellan*, 67 Cal. 283; *Comly* v. *Fisher*, (U. S.) Taney's Dec. 121; (6 Fed. Cas. p. 207, Case No. 3053;) *Woods* v. *Bugbey*, 29 Cal. 466; *Bacon* v. *Scannell*, 9 Cal. 272;

*Ewing* v. *Merkley,* 3 Utah 411; *Engles* v. *Marshall,* 19 Cal. 320; *Hodgkins* v. *Hook,* 25 Cal. 581; *Ray* v. *Reynolds,* 9 P. R. 15.

In a case where the property seized was in the possession of the debtor or his agent (and more especially where it is really the debtor's property) the writ of attachment is in itself a sufficient justification. *Snell* v. *Crowe,* 3 Utah 32; *Hamner* v. *Ballantyne,* (Utah) 44 Pac. R. 704; *Thornburgh* v. *Hand,* (*both opinions*) 7 Cal. 554; *Brichman* v. *Ross,* 67 Cal. 601; *Bickerstaff* v. *Doub, supra,* 19 Cal. 109; *Sexey* v. *Adkinson,* 34 Cal. 346; Drake on Attachment, sec. 185*a*; Freeman on Executions, sec. 101.

It is only where the property was seized when in the possession of a third party that all proceedings under attachment, or the judgment on which the execution was issued, must be shown. *Hamner* v. *Ballantyne, supra; Thornburgh* v. *Hand, supra; Horn* v. *Corvarubias,* 51 Cal. 524; *Babe* v. *Coyne,* 53 Cal. 261; *Norcross* v. *Nunan,* 61 Cal. 640.

Nor is the officer bound to enquire whether the writ was properly issued. Drake on Attachments, Sec. 185; Freeman on Executions, secs. 101, 102; *Barr* v. *Combs,* 45 Pac. R. 776.

BARTCH, J., after stating the case as above, delivered the opinion of the court:

The first question presented in this case is whether the court erred in granting the non-suit as to all the defendants except C. C. Loveland at the close of the plaintiffs' testimony. The appellants contend that these defendants were joint wrongdoers with the sheriff, because, as is insisted, they directed the officer to levy on the goods, and accepted the proceeds of the sale in satisfaction of their demands against E. A. Box. This contention is not

sustained by the record. The matters set up in the answer in justification simply show that the officer was authorized in the attachment suits to levy on and sell the property of E. A. Box, but show no direction to him to levy upon or sell the property of these plaintiffs, or of any other person. There is nothing in the answer which would establish the fact that they were joint wrongdoers, even if it were true that the officer was a wrongdoer. Nor did the plaintiffs, before resting their case, introduce any evidence which even tended to show that the officer was authorized or directed by his co-defendants, or either of them, to levy on the particular goods in question, or on any goods except such as belonged to E. A. Box, or that either of such defendants knew, or had reason to know, that the goods levied upon belonged to any other person than E. A. Box, or that they, or either of them, assumed to direct or control the officer in making the levy. Their receiving the proceeds of the sale in satisfaction of their claims, of itself, implied no consent to any irregularities or proceedings of the officer. The attaching creditors were not liable for the acts of the sheriff unless by interference in some way they made themselves liable, and it was incumbent upon the plaintiffs to establish such liability by a preponderance of the evidence, because the defendants are presumed to have intended that no action should be taken by the officer not authorized by the terms of the writs. Speaking of the liability of defendants, in an action for trespass, who had given an indemnity bond in attachment proceedings to an officer who served the writ, the supreme court of the United States, in *Lovejoy* v. *Murray*, 3 Wall. 1 (Mr. Justice Miller delivering the opinion), says, "That the attaching creditor is not answerable for the acts of the officer unless he in some manner interferes so. as to make himself

liable must be conceded." Freem. Ex'ns, § 273; *Abbott* v. *Kimball*, 19 Vt. 551; *Hyde* v. *Cooper*, 26 Vt. 552.

We are of the opinion that the nonsuit, as to the attaching creditors, was properly granted. The fact that George Q. Cannon & Sons Company filed no answer is immaterial, because the plaintiffs failed to show any liability; and for the same reason the motion to enter judgment by default as to the last-named defendant company was properly denied.

The next question which we will consider is whether the court erred in directing the jury to return a verdict of no cause of action as to defendant Loveland at the close of the testimony in the case. Counsel for the appellants insists that the merchandise levied upon under the several writs of attachment and sold was not the property of E. A. Box, the defendant in the attachment proceedings, but that it had been conveyed to his wife, Roxy Box, and by her to the plaintiffs. At the trial, to support this contention appellants introduced in evidence a bill of sale of the goods in controversy executed on the 27th day of January, 1893, and a deed of assignment of the same goods made by E. A. Box and his wife, Roxy Box, for the benefit of his creditors, bearing date May 12, 1893. The bill of sale was never recorded, nor were any of the creditors or the general public ever notified of its existence; nor does it appear from the record that the sheriff or any of the defendants had any knowledge of its existence, or of any claim of the wife to the goods which it purported to convey. Nor does the evidence establish the fact that there was any change of possession of the goods. E. A. Box, as a witness for the appellants, himself testified that before the sale to his wife he conducted the business; that he collected and paid bills; that he made deposits in the bank, and drew checks in his own

15 UTAH—17

name; that his wife had no occupation, prior to the time of the bill of sale, except attending to the household duties; and that after the bill was made he thought she did not do much else. He further testified: "At the time I made the bill of sale my two daughters were the employés in the store. They were the employés after that. The only change that I know that was made about the store, or in the store, after the bill of sale, was that I was not around there so frequently after that, if that would be considered a change." Trieste Box, daughter of E. A. Box, and one of the appellants' witnesses, testified that she lived at home and worked at the store just the same after the bill of sale as before; that her mother's duties were not changed after the bill of sale; she still attended to her household duties; that her father was the only one who did the buying for the store, both before the bill of sale and after; and that she surrendered the possession of the store to the sheriff, and gave him the keys, but did not remember what she said to him. Further reference to the evidence is not necessary, because it is apparent from a perusal of it that there was no delivery of the goods, or any change of possession, under the bill of sale, as required by section 2837, Comp. Laws Utah 1888, and that, therefore, the pretended sale was fraudulent and void as to creditors. The maker himself treated the bill as of no effect when he made the deed of assignment to the appellants, for in that instrument his vendee in the bill of sale joins him simply as wife, and not as maker. Counsel for the appellants, however, insists that the question of fraud cannot be considered in this case, in reference to the transfer of the property, because fraud was not specifically alleged in the answer. This question was fully considered by this court in *Jones* v. *McQueen*, 13 Utah 179,—a case very sim-

ilar to this on several points; and, if counsel had been diligent in an examination of that case, much useless labor might have been averted in the briefs in this. We there said: "As a general rule, where a party to an action relies upon fraud he must plead it. In replevin, however, the law seems to be settled, in most jurisdictions, that where the plaintiff alleges ownership genera'ly, and right of possession, without disclosing origin of title, or stating facts showing it, the defendant may traverse the allegations of the complaint, and, under the issue thus formed, may prove that the plaintiff's title was founded in fraud, and introduce any evidence which tends to show that the plaintiff had neither title in the property nor right of possession thereof. This rule is doubtless based on the fact that in replevin the plaintiff is not bound to disclose any source of title, and therefore the defendant is not bound to anticipate the source of title under which the plaintiff may claim."

The bill of sale being void as to creditors, the merchandise was subject to attachment by them as the property of E. A. Box at the time when the levy was made and the property taken into possession by the officer; and it is apparent from the evidence that, for the purpose of the attachment proceedings, at least, the goods must be considered as having been in the possession of E. A. Box, and that such possession was surrendered by his daughter to the officer, while acting as his agent, at the time of the levy. It is evident, therefore, that the defendant Loveland levied upon and sold the property of the defendant in the attachment proceedings, as authorized and directed in the several writs, and not that of these plaintiffs. The assignment made after the levy could not have the effect of divesting the sheriff of his possession under the writs, and did not affect the rights of the attaching

creditors. It simply served to show that neither the husband nor the wife regarded the bill of sale as a valid transfer of the property. The sheriff, having attached and sold the property of the defendants in the attachment proceedings, and not that of a stranger to them, had the right, when sued in replevin, to justify under the writs; and having done so, as is apparent from the record, the court was justified in directing the jury to return a verdict of no cause of action. Where, as in this case, property is found in the possession of the defendants in attachment proceedings, and the writ under which the levy was made and the property seized was issued by a court or officer having lawful authority to issue it, and is in legal form, the officer may justify the levy by producing the writ. This court so held in *Jones* v. *McQueen*, *supra*.

Counsel for the appellants also insists that the pleadings in the attachment suits were insufficient, and the proceedings irregular. While it must be conceded that the record, in these regards, shows a degree of carelessness which ought not to be encouraged, still we are of the opinion that the pleadings and proceedings were sufficient for the purposes of this suit.

The record in the case reveals many objections made at the trial of this cause which are so frivolous as not to merit our notice. Such objections serve to confuse, rather than aid in the trial of a cause. We perceive no reversible error. The judgment is affirmed, and, as there were such omissions and inaccuracies in appellants' abstract as rendered the filing of an additional abstract necessary, it is ordered that the costs of such additional abstract be taxed with the other costs against the appellants.

ZANE, C. J., and MINER, J., concur.