GALLICK, APPELLANT, *v.* BORDEAUX ET AL.,
RESPONDENTS.

[No. 1,065]

[Submitted March 9, 1899. Decided April 26, 1899.]

*Replevin—Pleading—General Denial—Evidence — Fraud— Witnesses—Cross Examination—Sales—Change of Possession.*

1. In an action of claim and delivery, where the complaint contains only general allegations of title and right of possession, without setting forth the origin of the title or the facts tending to destroy or rebut plaintiff's claim, though including proof of a fraud, is admissible under a general denial.

2. In an action against a constable and the sureties on his bond to recover property seized by him under an execution, and damages, a plea of justification under the writ authorizes evidence that the alleged sale of the property seized, prior to the seizure, was constructively fraudulent because of a want of immediate delivery followed by a continued change of possession, or that the sale was actually fraudulent and designed to hinder the creditors of the seller, or that the sale was designed to operate merely as security for money advanced by the buyer.

3. The declarations of the seller, after the sale but while still in possession, where the sale is attacked by a creditor on the ground of fraud, are admissible against the buyer to show the character of the seller's possession and his interest in the premises.

4. A witness for plaintiff (E. Gallick), who was in plaintiff's employ, testified that, on the day certain saloon property was sold and delivered to plaintiff, he suggested to plaintiff to put up "his" sign on the saloon to show his ownership, which was done. Afterwards an execution was levied on the property as belonging to the seller. There was evidence that, after the levy, the sign was changed from "B." Gallick to "E." Gallick. *Held,* that it was proper, on cross-examination, to ask the witness if he did not change the sign, both to contradict him and to show his interest.

5. Plaintiff, a purchaser of a saloon, who testified in chief that he put up his sign on the saloon immediately after the sale, may be cross-examined as to whether he did not do so to defraud creditors of the seller.

6. In any event, the allowing of such question, where answered in the negative, was not prejudicial error.

7. The mere fact that the seller of a saloon was in possession 13 days after the sale, and at the time of a levy on the property as belonging to him is not conclusive evidence of a fraudulent sale, where there was evidence of a cash consideration, a bill of sale, the putting up of a sign with the buyer's name on it, and the hiring of the seller as bartender; and the further fact that the seller was out of possession for not more than 4 hours, which was on the day of the sale and pending an arrangement, does not conclusively show fraud.

*Appeal from District Court, Silver Bow County; William O. Speer, Judge.*

ACTION by Emanuel Gallick against Thomas J. Bordeaux and others. From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Reversed.

Statement of the case by the Justice delivering the opinion.

Action in claim and delivery to recover the possession of a stock of cigars, tobacco and liquors, and a lot of saloon furniture, with damages to plaintiff's business by the wrongful seizure of and detention of the property.

The complaint alleges, generally, ownership and right of possession in plaintiff, a wrongful seizure by defendant Thomas J. Bordeaux on May 15, 1895, a detention of the property since that date, and then continues: "That at the time of the seizure the plaintiff was engaged in running a saloon business in the city of Butte, Silver Bow county; that the property was his stock in trade; that by the wrongful detention by the defendant Thomas J. Bordeaux plaintiff's business has been damaged to the amount of $1,000; that at the time of the seizure the defendant Thomas J. Bordeaux was a duly qualified and acting constable in Silver Bow county; that he seized the property as the property of one Bordoni, under a writ of execution out of the justice's court of R. F. Turner, a justice of the peace of Silver Bow county, in a cause wherein F. H. Cooney was plaintiff and F. A. Bordoni was defendant; that Bordoni had neither right, title nor interest in the property; that the defendant Thomas J. Bordeaux, at the time of entering upon his duties as constable as aforesaid, made and filed his official bond, conditioned as provided by law for the faithful performance of his duties; that the other defendants are his sureties upon his official bond; and that his seizure of the property, as alleged, was a breach of his official duty." The value of the property is alleged at $860.02. Judgment is demanded for the return of the property, or its value, and for $1,000 damages.

The answer denies, generally, the ownership and right of possession in plaintiff and damage to his business, admits that the property was worth $176; alleges that the property belonged to Bordoni; and then justifies the seizure under a writ of execution in the case of Cooney against Bordoni upon a judgment in favor of plaintiff therein.

It was claimed by plaintiff at the trial that on May 2, 1895, he had purchased of Bordoni the goods and saloon furniture theretofore owned by the latter at a place in Butte known as the "Sonoma Wine Cellar," paying in full for them by advancing $180 to pay off a claim against Bordoni in favor of one Brennen, who had caused the property to be attached, and that after taking possession he had continued the business at the same place, making additions to the stock from time to time, as necessity required.    It was also claimed that Bordoni was left in charge to run the business as plaintiff's agent.

The trial was had to a jury, which returned a verdict for defendants.    From the judgment rendered thereon, and an order overruling his motion for a new trial, plaintiff appeals.

*John W. Cotter*, for Appellant.

Cross-examination must be confined to matters brought out on direct examination, and must be responsive thereto. (Code of Civil Procedure, Section 3376; *Thornburgh* v. *Hand*, 7 Cal. 561; *Harper* v. *Lamping*, 33 Cal. 647.)   A wide latitude is given to a cross-examination in cases of fraud.    (*Randall* v. *Greenhood et al.*, 3 Mont. 509.)   But the cross-examination cannot be used to elicit facts which will constitute part of the defendant's case.    (*Fredericks* v. *Clark et al.*, 3 Mont. 258; *Gridley* v. *Boggs*, 62 Cal. 191.)   The defendants' answer does not, in any manner, set up or attack the sale from Bordoni to appellant, but simply denies that appellant is the owner of the same.    There are no allegations of fraud in the sale to be found in the answer, and, therefore, appellant submits that the court was in error in a great many of its rulings in admitting evidence over appellant's objections that the same was incompetent, irrelevant and immaterial under the pleadings.    If fraud is a necessary part of plaintiff's or defendants' case, the facts constituting the fraud should be set out in the pleadings, so that the opposite party may know what he has to meet.    (Cobbey on Replevin, Sec. 824; *Smith* v. *Auerbach*, 2 Mont. 348, 349; *Bickle* v. *Irvine*, 9 Mont. 251; 8 Am. & Eng. Ency. of Law, 653, note 3.)

One of the grounds of appellant's motion for a new trial is, that the evidence is insufficient to sustain the verdict in the case, and we submit that under the authorities above cited and the authorities hereinafter cited, that if appellant's position is correct with reference to the objections, that there is no competent evidence of any character in the case to support the verdict. All of the evidence in the case that in any manner tends to support the verdict is based upon fraud, or a fraudulent sale of the property in question, or upon statements made by Bordoni in the absence of appellant. There being no fraud pleaded, we submit that the evidence was incompetent upon that proposition, and we submit, further, that the statements of Bordoni, as shown by the record, were entirely incompetent for any purpose. The respondents contended upon the trial that Bordoni, being the bartender for the appellant in the saloon in question, that any statement that he might make was competent to be shown against the plaintiff. It is only where the acts of the agent are admissible that his contemporaneous declarations, explanatory of these acts, are admissible. (1 Greenleaf on Evidence, Secs. 113, 234; 2 Wharton on Evidence, Secs. 1173-1175; Story on Agency, Secs, 134-138; *Hutchings* v. *Castle,* 48 Cal. 152; *Beasley* v. *San Jose Co.,* 92 Cal. 388, 28 Pac. 485; *Birch* v. *Hale,* 99 Cal. 299, 33 Pac. 1088.) The record shows that Bordoni sold the place, as claimed by plaintiff, to the plaintiff long prior to the time of making the alleged admissions and declarations. The declarations of a vendor made after a sale and delivery of personal property are not admissible in evidence to show a fraud in the sale. (*Hutchings* v. *Castle,* 48 Cal. 152, 153; *Garlick* v. *Bowers,* 66 Cal. 122; *Briswalter* v. *Palomares,* 66 Cal. 261; *Demartin* v. *Demartin,* 85 Cal. 75; *White* v. *White,* 86 Cal. 223; *Sukeforth* v. *Lord,* 87 Cal. 399; *Winslow* v. *Gohransen,* 88 Cal. 453, 26 Pac. 504; *D'Arago* v. *Produce Co.,* 65 Texas 106, 31 S. W. 713; 1 Jones Ev., Sec. 246; 1 Rice Ev., p. 471; *Beasley* v. *San Jose Co.,* 92 Cal. 388, 28 Pac. 486.) A judge shall not charge the jury with respect to matters of fact. (*Wastl* v. *Montana Union Ry.*

*Co.*, 17 Mont. 213.) There being evidence in the case tend-
ing to show an actual delivery of the property and a change
of possession, it was a question for the jury to determine
whether there was an actual and continued change within the
meaning of the law. (*O' Gara* v. *Lowry*, 5 Mont. 427; *Roch-
eleau* v. *Boyle*, 11 Mont. 451.) The employment of the ven-
dor as a clerk would not show such want of continued change
of possession in the vendee to render the sale void as a matter
of law. (*O' Gara* v. *Lowry*, 5 Mont. 427; *Rocheleau* v.
*Boyle*, 11 Mont. 451, 467; *Stevens* v. *Irvine*, 15 Cal. 503;
*Godchaux et al.* v. *Mulford*, 26 Cal. 316, 323; *Porter* v.
*Bucher*, 98 Cal. 454, 33 Pac. 335.) Appellant further con-
tends that the instructions above referred to are contradictory
of Instruction Number 15, given at the request of plaintiff,
and for this reason, in addition to the reasons hereinbefore
urged, the said instructions are erroneous and misleading.
Where instructions on a material point are contradictory and
inconsistent, the judgment must be reversed. (*Flick* v. *G.
II. & R. M. Co.*, 8 Mont. 298, 305; *Territory* v. *Owings*, 3
Mont. 137, 139; Hayne, New Trial and App. Sec. 123, p. 350
and cases cited.) Where conflicting instructions may have
misled the jury, it is ground for a new trial. (*Kelly* v. *Cable
Co.*, 7 Mont. 70, 77; *Wenner* v. *McNulty*, 7 Mont. 37.)

*C. P. Drennen*, for Respondents.

**BRANTLY, C. J.**—1. Plaintiff insists that the court erred
in permitting the defendants to introduce proof tending to
show that the plaintiff's title to the property in contro-
versy was founded in fraud, in the absence of a special allega-
tion in their answer setting up the facts. The defendant
Thomas J. Bordeaux was allowed, over the objection of plain-
tiff, to detail a conversation, had with Bordoni at the time of
the levy, in which Bordoni told him, substantially, that he
was in debt to the plaintiff about $400, besides debts he owed
to other persons; that, if his creditors would let him alone, he
would pay them; that he had put the business in Mr. Gallick's
name for protection; that the business was in fact his, but

that the levy of the execution "settled it." Other witnesses also testified to similar statements by Bordoni. One of these, Del Grosso, who worked as bartender in the saloon after the sale to Gallick, testified to a conversation between Bordoni and Gallick, just after the time of the sale on May 2d, in which Gallick said to Bordoni: "If any one asks you to whom this business belongs, just tell them it belongs to me. Nobody will bother you from this on. You go along, and attend to your business." Then, turning to witness, he said: "You go along, and attend to your business. You are working for Bordoni." This witness testified, further, that he worked for Bordoni, and was paid by him. The evidence of declarations by Bordoni was further objected to on the ground that declarations made by him after the sale to Gallick were not competent for any purpose, as against Gallick. This proof was all allowed, on the theory that it was admissible under the denials in the answer without special allegations of fraud. We think the evidence admissible, in so far as it tended to show that the arrangement between the plaintiff and Bordoni was fraudulent. It is the general rule that, where a party to an action relied upon fraud, he must plead it. In replevin, however, it seems to be the rule, supported by the great weight of authority, that where the complaint contains only general allegations of title and right of possession, without setting forth the origin of the title or the facts upon which it is based, the defendant may deny these allegations generally, and upon the trial give proof of any fact tending to destroy or rebut plaintiff's claim. Mr. Phillips, in his work on Code Pleading, states the rule thus: "A general denial puts in issue all the essential averments of the complaint, puts the burden of proving them upon the plaintiff, and admits evidence by the defendant (1) to controvert plaintiff's evidence, (2) to disprove his allegations, and (3) to prove other and inconsistent facts. Under such denial, the defendant may prove his right to possession, or that he, as an officer, levied on the property at the suit of a creditor of him from whom the plaintiff obtained it in fraud of creditors, or he may show title in a stranger."

(Section 492.)   The reason of the rule is that it is unfair to compel the defendant to anticipate what the proof of plaintiff's title will be, and allege specific objections to it, before he will be heard to attack it with his proofs.   The plaintiff, under his general allegations, is allowed to show any title he can, no matter what may be its source or the facts upon which it is based.   Under his denial, the defendant must, of necessity, be allowed to present proof of anything tending to defeat the title which the plaintiff attempts to establish.   If the complaint does not disclose the plaintiff's title, the defendant may have no knowledge of it until it is revealed by the proof at the trial.   Especially is this true of an officer who has taken the property under his writ from the possession of the defendant debtor named therein, and is afterwards met by a claim thereto from a stranger, about whose title he knows nothing.   There is some conflict in the authorities, but we are of the opinion that this view is correct on reason and principle.   The following authorities support it:   Cobbey on Replevin, Sec. 752; *Burchinell* v. *Butters* (Colo. App.) 43 Pac. 459; *Jones* v. *McQueen* (Utah) 45 Pac. 202; *Munns* v. *Loveland* (Utah) 49 Pac. 743; Abbott's Tr. Brief on the Pleadings, Secs. 942, 958; *Bailey* v. *Swain*, 45 Ohio St. 657, 16 N. E. 370; *Eureka Steel Works* v. *Bresnahan*, 66 Mich. 489, 33 N. W. 834; *Blue Valley Bank* v. *Bane*, 20 Neb. 294, 30 N. W. 64; *Merrill* v. *Wedgwood*, 25 Neb. 283, 41 N. W. 149; *Graham* v. *Warner's Ex'rs*, 3 Dana, 146; *Mullen* v. *Noonan* (Minn.) 47 N. W. 164; *Johnson* v. *Oswald*, 38 Minn. 550, 38 N. W. 630; *Delaney* v. *Canning*, 52 Wis. 266, 8 N. W. 897; *Mather* v. *Hutchinson*, 25 Wis. 27; *Hotchkiss* v. *Ashley*, 44 Vt. 195; *Bliss* v. *Badger*, 36 Vt. 338; *Lane* v. *Sparks*, 75 Ind. 278; *Stephens* v. *Hallstead*, 58 Cal. 193; *Eaton* v. *Metz* (Cal.) 40 Pac. 947; *Pulliam* v. *Burlingame*, 81 Mo. 111; *Gray* v. *Parker*, 38 Mo. 160; *Schulenberg* v. *Harriman*, 21 Wall. 44; *Bailey* v. *Bayne*, 20 Kan. 657; Bliss on Code Pl. Sec. 328 and notes; *Griffin* v. *Railroad Co.*, 101 N. Y. 349, 4 N. E. 740.

In addition to the issue made upon the allegations of the complaint, the defendants herein allege justification under the

writ of execution in the case of Cooney against Bordoni, and
claim the right to hold the property under this writ.    The de-
fendants, therefore, through the writ of execution in the hands
of the officer, stand in the position of creditors, as to whom a
conveyance by a debtor, either actually or constructively
fraudulent, is absolutely void.    They were, therefore, prop-
erly permitted to introduce any proof under their answer tend-
ing to show that the sale from Bordoni to plaintiff was con-
structively fraudulent, because there was no immediate delivery
of the property followed by a continued change of possession,
or that the sale was actually fraudulent and designed to hinder
and delay the creditors of Bordoni, or that the arrangement
between Bordoni and Gallick was designed to operate as a se-
curity to the firm of Gallick Bros. for the money advanced to
Bordoni to pay the Brennen judgment.    It is not necessary to
decide the question whether, in cases of this kind, where the
officer seizes property under his writ in the possession of the
defendant named in the writ, it is necessary to plead specially
the facts in justification.    Many of the authorities cited sup-
port the rule as laid down by Mr. Phillips, *supra.*    In this
case, however, he has essayed to do so, and no question is
made as to the sufficiency of his allegations in this regard.
Inasmuch as he occupies the position of one who claims the
property, not as owner, but by virtue of a special interest
therein, as an officer under his writ and for the purpose indi-
cated therein, there are reasons why he should be required to
do so; for it is only by this special property that he can be
permitted to contest the right of the plaintiff.    So far as the
defendant officer here is concerned, except for his writ and the
rights acquired by his seizure thereunder, the arrangement
between the plaintiff and Bardoni, no matter how fraudulent
in fact or in law, was valid and binding as to all persons
whomsoever.

    The conclusions here reached are in conflict with the case of
*Bickle* v. *Irvine*, 9 Mont. 251, 23 Pac. 244, which was fol-
lowed by the case of *Davis* v. *Morgan*, 19 Mont. 141, 47 Pac.
793, and perhaps others.    These cases are founded upon the

cases of *Smith* v. *Auerbach*, 2 Mont. 349, and *Botcher* v. *Berry*, 6 Mont. 448, 13 Pac. 45. *Smith* v. *Auerbach* was a case in which the plaintiff sought to recover the possession of certain personal property as the assignee in bankruptcy of Louis & Coleman. The defendant held the property under a chattel mortgage. The plaintiff, after setting forth the character of his title, undertook to allege facts sufficient to show that defendant's mortgage was void under the bankrupt law. The complaint was held bad, because it alleged a mere conclusion, instead of the facts showing the fraudulent character of the mortgage. In *Botcher* v. *Berry* the plaintiff was assignee in insolvency of McLean & Co. Certain goods embraced in the assignment had been seized under attachment by the defendant, as sheriff, at the suit of one of the creditors of McLean & Co. The plaintiff sought to recover as assignee, alleging the facts upon which his title was based. The defendant attacked the assignment for fraud. The trial court, on motion of plaintiff, struck out as immaterial the part of the answer alleging fraud. This Court held that the facts constituting the fraudulent character of the assignment were properly pleaded, and that it was error to strike out that part of the answer. The case of *Bickle* v. *Irvine* was also one in claim and delivery. The complaint contained general allegations of ownership and right of possession in plaintiff. The answer was a general denial, and justification under a writ of attachment. It was held by this Court, under the authority of *Smith* v. *Auerbach* and *Botcher* v. *Berry*, that the defendant could not, under this answer, introduce proof showing that the bill of sale upon which the plaintiff relied as showing his title by purchase was constructively fraudulent, because the sale was in violation of the statute against fraudulent conveyances. In *Davis* v. *Morgan* this Court held, upon the authority of these cases, that the defense of fraud in this class of cases was a special affirmative defense, and that therefore, on cross-examination, the plaintiff and his witnesses could not be interrogated touching the matters involved in this affirmative defense. As to the two cases first mentioned, they are clearly correct

upon principle.    In the former, the plaintiff sought to over-
turn a fraudulent title under which he alleged defendant
claimed.    In the latter, the defendant sought to overturn the
title of plaintiff, based upon the assignment, by alleging facts
and circumstances to avoid it on the ground of fraud.    These
cases are, therefore, no authority for the cases of *Bickle* v.
*Irvine* and *Davis* v. *Morgan*, but support the general rule.
Moreover, in a later case (*Pincus* v. *Reynolds*, 19 Mont. 564,
49 Pac. 145), this Court did not adhere to the rule of these
last two cases, but held that in this class of cases the plaintiff
must recover upon the strength of his own title, and that the
whole matter of fraud could be investigated upon the cross-
examination of plaintiff and his witnesses.    We have there-
fore decided not to follow the authority of these earlier cases,
but to adopt the rule announced herein as more in consonance
with reason and principle.

Nor do we think that there is any merit in the objections to
declarations of Bordoni on the ground that they were made
after he parted with his title to the property in controversy.
The other proof showed beyond controversy that, within three
or four hours after the transaction of May 2d, by which E.
Gallick claims to have purchased the property, Bardoni was
again in possession, running the business as before.    He had
hired a bartender at his own expense to assist him in running
the business.    The witness Heilbronner testified that he had
sold to Bordoni a bill of goods, to be added to the stock, not
as the agent of Gallick, but upon his own account.    It is true
Gallick and his witnesses testified that Bordoni was only the
agent of Gallick to run the business for him, but the evidence
nowhere showed that any arrangement had been made by
which Bordoni was to account to him in any way for the pro-
ceeds of the business.    The evidence up to that point, with
the exception of the single fact that Gallick's sign was put up
in the place, tended to show that the proprietorship was the
same as before the sale.    It is the general rule that the decla-
rations of the vendor of the property in disparagement of the
title, after he has parted with his interest therein and his pos-

session, are not admissible against his vendee. But this principle is not applicable to fraudulent sales of property, where the property remains in the possession of the vendor, and the sale is attacked by a creditor on the ground of fraud. The declarations of the vendor under such circumstances, while he is still in possession, and his acts of ownership in regard to the property, are admissible for the purpose of explaining the character of his possession, and as shedding light upon the question of his interest therein. (Jones on Evidence, Sec. 354; *Murphy* v. *Mulgrew*, 102 Cal. 547, 36 Pac. 857; *Redfield* v. *Buck*, 35 Conn. 328, s. c. 95 Am. Dec. 241; *Smith* v. *Boyer*, 26 Am. St. Rep. 373 (Neb.) 45 N. W. 265; Wharton on Evidence, Secs. 1166, 1167; *Blake* v. *Graves*, 18 Iowa, 312; Bump. on Fraud. Conv. (4th Ed.) Sec. 600; Waite on Fraud. Conv. (3d Ed.) Sec. 279; *Roberts* v. *Medbery*, 132 Mass. 100.)

The declarations of Bordoni, while still in the possession of the property which the plaintiff claimed to have purchased from him, were clearly admissible, as shedding light upon the character of the transaction between him and the plaintiff, and the character of Bordoni's possession; and it is upon this theory that they are admissible, and not upon the theory, as counsel for respondents claim, that Gallick was bound by the declarations of his agent employed by him to run the business for him. If Bordoni were in fact the agent of Gallick, employed to run the saloon business for him, doubtless, within the scope of this business, the plaintiff would have been bound by his declarations. The declarations admitted were clearly not within the scope of that business, but had to do with the title to the property then in possession of Bordoni, the recent former owner.

2. Meyer Genzberger, a witness for plaintiff, testified on direct examination that he was in the employ of the plaintiff, and was present on May 2, 1895, when the property was sold and delivered to the plaintiff by Bardoni. He suggested to the plaintiff, he says, that he (plaintiff) should put up a sign in the saloon showing that he was the owner, and that this was

done.    On cross-examination he was asked if, after the execu-
tion was levied, he did not go into the place to change the sign
from "B." Gallick to "E." Gallick.    There is some testi-
mony in the record tending to show that this was done by
some one.    The question was objected to as not proper on
cross-examination, because the direct examination had been
only as to matters connected with the sale by Bordoni to plain-
tiff on May 2d.    The witness was required to answer, and in
reply to the question said that he had not done so.    It is
earnestly contended that this was error.    We do not agree
with counsel.    If, in fact, the witness had changed the letter
upon the sign from "B." to "E.," the showing of this would
have tended to contradict his statement on direct examination
that E. Gallick had put up his own sign at the suggestion of
the witness.    Again, if the sign really had on it the initial
"B.," instead of "E.," and the witness could be shown to
have changed it to "E.," the proof of this fact would have
tended to show the interest of the witness in behalf of his em-
ployer.    Further, the witness testified on direct examination
that he was in the saloon after the levy, and saw E. Gallick's
sign there.    We think the question proper, as having imme-
diate connection with the direct examination.    (Code of Civil
Procedure, Sec. 3376.)

Plaintiff was called as a witness in his own behalf.    He
testified on direct examination that, at the time he purchased
the Sonoma Wine Cellar stock and furniture from Bordoni,
he had put up his sign, reading "E. Gallick, Proprietor," on
a partition inside the saloon, facing the front.    He was asked
on cross-examination, over the objection of his counsel, if he
had not put up that sign to defraud creditors.    He answered
in the negative.    Plaintiff complains of this as prejudicial er-
ror.    Admitting that it was error to permit the inquiry, it
was error without prejudice, because no evidence prejudicial
to plaintiff's claim was elicited by it.    But we do not think it
was error to allow the question.    It was proper to thus inter-
rogate the plaintiff touching the character of the relation be-
tween him and his alleged vendor.

3. There is no fault to be found in the rulings of the court upon questions of evidence during the progress of the trial, but prejudicial error was committed in directing the jury in the following paragraphs of the charge:

"(12) The court instructs the jury that Bordoni could not be allowed to remain in the apparent sole and exclusive possession of the goods described in the plaintiff's complaint after the sale thereof, and, if the jury find that he was in such sole and exclusive possession at the time the defendant herein levied upon said goods and took possession thereof, that such possession of Bordoni is inconsistent with an open and notorious delivery and actual change of possession, and that such possession by Bordoni is conclusive evidence of fraud.

"(13) . The jury are instructed that, if they find from the testimony that F. A. Bordoni was in the sole possession of the property levied upon at the time of the levy of the execution issued in the case of Cooney against Bordoni, and they find that Bordoni, the admitted former owner of the personal property so levied upon, had been out of the possession for a period not exceeding four hours, then they must find for the defendant."

The alleged sale by Bordoni to plaintiff was made on May 2d. The evidence of plaintiff tended to show that the place was then in charge of an officer, who had attached the stock and furniture at the suit of one Brennen. The claim of Brennen, amounting to $180, was paid by Gallick Bros. It was then assigned to E. Gallick, and a bill of sale made to him by Bordoni. Thereupon the plaintiff took the keys, locked up the place, and went with Bordoni to the store of Gallick Bros. Within a few minutes afterwards an arrangement was made with Bordoni to reopen the place and run the business for the plaintiff. Thereupon the place was reopened, Gallick's sign put up, and Bordoni went to work as bartender at $2.50 per day. The whole arrangement was effected in three or four hours. The levy of the execution was on the 15th. Under the former of these instructions, the defendants were entitled to a verdict, on the single fact of Bordoni's possession at the

date of the levy.    Under the latter, the jury should have found for defendants, upon this fact and the additional one that Bordoni had not been out of possession more than four hours. Both instructions withdrew from the jury the consideration of all the other facts and circumstances, appearing in the proof and briefly summarized above, which plaintiff was entitled to have considered by them.    The question as to the character of the sale was one of fact, to be determined by the jury from all the evidence in the case, and not from these isolated facts, to which their attention was specially called.    The apparent exclusive possession by Bordoni on the 15th, thirteen days after the sale, was not inconsistent with the conclusion, possible from a consideration of all the evidence, that the sale was in compliance with the law and made in good faith; nor was it within the province of the court to say that the return of the property to the vendor after four hours furnished ground for a conclusive presumption of fraud.

Complaint is made of other instructions, but an examination of the charge fails to reveal any prejudicial errors other than those already noted.    With these two exceptions, the charge, though brief, fairly states the law applicable to the issues involved, and is as favorable to the plaintiff as he could ask.

4.   The point is made that the evidence is not sufficient to sustain the verdict.    As the judgment must be reversed on account of the errors noted in the instructions, we refrain from expressing an opinion on this branch of the case; nor are we to be understood as expressing any opinion as to the liability of defendants A. H. Barrett and John R. Bordeaux, in this form of action, as sureties upon the official bond of Thomas J. Bordeaux.    No question was made on this point, either on the argument or in the briefs of counsel.

Let the judgment be reversed, and the cause remanded, with directions to the court below to grant a new trial.

HUNT and PIGOTT, JJ., concur.